■ LAURA S. PEREZ et al., Respondents, v ASTORIA GENERAL HOSPITAL, INC., et al., Appellants, et al., Defendants. [688 NYS2d 195] —Motion by the appellant Bhupendra R. Patel, M.D., individually and d/b/a Broadway Cardiopulmonary, P. C., to resettle or amend a decision and order of this Court dated June 1, 1998, which determined an appeal from an order of the Supreme Court, Kings County, dated June 19, 1997.

Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the decision and order dated June 1, 1998 (251 AD2d 308), is recalled and vacated and the following is substituted therefor:

In an action to recover damages for medical malpractice, the defendant Astoria General Hospital, Inc., appeals, and the defendant Bhupendra R. Patel, M.D., individually and d/b/a Broadway Cardiopulmonary, P. C., separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated June 19, 1997, as granted that branch of the plaintiffs' motion which was to vacate the dismissal of the complaint insofar as asserted against the appellants, based on the plaintiffs' failure to appear at a pre-trial conference.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the plaintiffs' motion which was to vacate the dismissal of the complaint insofar as asserted against the appellants is denied, and the action against the remaining defendants is severed.

To vacate the dismissal of the complaint insofar as asserted against the appellants due to their default in appearing at a scheduled pretrial conference, the plaintiffs had to proffer evidence of a reasonable excuse for the default and a meritorious cause of action (*see, Martinez v Otis El. Co.,* 213 AD2d 523; *Brown v Ryder Truck Rental,* 172 AD2d 477). Although the court did not improvidently exercise its discretion in excusing the plaintiffs' default resulting from law-office failure (*see,* CPLR 2005; *Brown v Ryder Truck Rental, supra*), the affidavit of the plaintiffs' medical expert in the instant case was insufficient to demonstrate a meritorious cause of action against the appellants. In his affidavit, the expert failed to state with specificity his observations as to procedures or treatments

performed and/or the alleged deviations from the acceptable standards of medical care by the appellants (*see, Iazzetta v Vicenzi,* 243 AD2d 540; *Nepomniaschi v Goldstein,* 182 AD2d 743; *Barton v Jablon,* 181 AD2d 755; *Wulster v Rubinstein,* 126 AD2d 545; *Friedberg v Bay Ridge Orthopedic Assocs.,* 122 AD2d 194). Sullivan, J. P., Joy, Altman and Luciano, JJ., concur.