■ IRINA YUSHAVAYEV et al., Respondents, v REBECCA KOPELMAN, as Executor of IGOR KOPELMAN, Deceased, Appellant, et al., Defendant. [763 NYS2d 484] —In an action to recover damages for medical malpractice, etc., the defendant Rebecca Kopelman, as executor of the estate of Igor Kopelman, appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated September 28, 2001, as granted the plaintiffs' cross motion to vacate a prior order of the same court dated February 6, 2001, dismissing the action, which was entered upon their default in responding to his motion to dismiss.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the order dated February 6, 2001, is reinstated.

On a motion to vacate a default pursuant CPLR 5015 (a) (1), the movant must demonstrate a reasonable excuse for the default and a meritorious cause of action or defense (*see* CPLR 5015 [a] [1]; *Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities,* 70 NY2d 831 [1987]; *Mary Immaculate Hosp. v New York Cent. Mut. Fire Ins. Co.,* 296 AD2d 385 [2002]). Although the plaintiffs demonstrated a reasonable excuse for their failure to respond to the appellant's motion to dismiss, their medical expert's affidavit of merit was entirely conclusory, indicating only that the expert had reviewed the injured plaintiff's medical records and that it was his opinion that there was a meritorious cause of action for medical malpractice (*see Perez v Astoria Gen. Hosp.,* 260 AD2d 457 [1999]; *Webber v Patel,* 232 AD2d 549 [1996]). Thus, since the plaintiffs failed to demonstrate the existence of a meritorious cause of action, the Supreme Court erred in granting the plaintiffs' cross motion. Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.