KUSLAWEN VERAMALLAY et al., Appellants, v ELISSA PAIM et al., Respondents. [774 NYS2d 730]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Huttner, J.), dated August 22, 2002, which denied their motion, in effect, to vacate the dismissal of the action and to restore the action to

pre-note of issue status, and (2), as limited by their brief, from so much of an order of the same court dated December 4, 2002, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated August 22, 2002, is dismissed, as that order was superseded by the order dated December 4, 2002, made upon reargument; and it is further,

Ordered that the order dated December 4, 2002, is reversed insofar as appealed from, upon reargument, the order dated August 22, 2002, is vacated, the motion is granted, the action is restored to pre-note of issue status, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs demonstrated both a reasonable excuse for their default and a meritorious cause of action. Accordingly, the Supreme Court should have vacated the dismissal of this action. Further, since it appears that discovery has not been completed, the action should have been restored to pre-note of issue status (*see generally Kandel v Hoffman,* 309 AD2d 904 [2003]; *Basetti v Nour,* 287 AD2d 126, 133-134 [2001]).

An examination of the Supreme Court file in this action discloses that there is no written order relative to the dismissal of this action on April 22, 2002. We take this opportunity to remind the bench that upon dismissing any matter for any reason, the court should enter a written order stating the basis for the dismissal (*see Basetti v Nour, supra*). Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.