◼ Robert Baez, Appellant, v Mervt M. Mohamed et al., Respondents. [781 NYS2d 612]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Huttner, J.), dated July 3, 2003, which denied his motion, in effect, to vacate the dismissal of the action and to restore the action to post-note of issue status, and (2) a judgment of the same court dated June 8, 2004, which dismissed the action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, the action is restored to post-note of issue status, and the matter is remitted to the Supreme Court, Queens County, for an immediate trial before a different justice; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff demonstrated both a reasonable excuse for his default and a meritorious cause of action. Accordingly, the Supreme Court should have vacated its dismissal of this action. Further, since this matter was ready for trial when it was improperly dismissed, it must be restored to its former place on the trial calendar (*see generally Kandel v Hoffman,* 309 AD2d 904 [2003]; *Basetti v Nour,* 287 AD2d 126, 133-134 [2001]). However, under all of the circumstances, we deem it appropriate to remit this matter to a different justice for trial.

An examination of the Supreme Court file in this action discloses that there is no written order concerning the dismissal of this action on February 19, 2003. We take this opportunity to again remind the bench that upon dismissing any matter for any reason, the court should enter a written order stating the basis for the dismissal (*see Veramallay v Paim,* 5 AD3d 673 [2004]; *Basetti v Nour, supra*). Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.