■ EDWARD LEROY SOLOMON, Appellant, v GHANDABI RAM-LALL, Respondent. [795 NYS2d 76]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Huttner, J.), dated March 10, 2004, which denied his motion to vacate the dismissal of the action pursuant to 22 NYCRR 202.27 (b).

Ordered that the order is affirmed, with costs.

The action was dismissed when the plaintiff's counsel failed to appear on the date set for jury selection (see 22 NYCRR 202.27 [b]). To be relieved of the default in appearing, the plaintiff was required to demonstrate both a reasonable excuse for the default and a meritorious cause of action (see CPLR 5015 [a] [1]; Echevarria v Waters, 8 AD3d 330 [2004]; Precision Envelope Co. v Marcus & Co., 306 AD2d 263, 264 [2003]; Lopez v Imperial Delivery Serv., 282 AD2d 190, 197 [2001]). The plaintiff's excuse of law office failure was undetailed and uncorroborated and, thus, did not amount to a reasonable excuse (see Grezinsky v Mount Hebron Cemetery, 305 AD2d 542 [2003]; Juarbe v City of New York, 303 AD2d 462 [2003]; Eretz Funding v Shalosh Assoc., 266 AD2d 184, 185 [1999]). Moreover, the plaintiff failed to demonstrate the meritorious nature of the action (see Tietz v Blatt, 280 AD2d 469 [2001]; Roldan v Potamousis, 159 AD2d 615 [1990]; Duqmaq v Stewart, 137 AD2d 653 [1988]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the default.

An examination of the Supreme Court file in this action discloses that there is no written order concerning the dismissal of this action on December 16, 2003. We take this opportunity to again remind the bench that upon dismissing any matter for any reason, the court should enter a written order stating the basis for the dismissal (see Robinson v Soutar, 12 AD3d 432 [2004]; Baez v Mohamed, 10 AD3d 623 [2004]; Veramallay v Paim, 5 AD3d 673 [2004]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.