■ ST. LUKE'S ROOSEVELT HOSPITAL, as Assignee of MICHELE CARIAS, et al., Appellants, v BLUE RIDGE INSURANCE COMPANY, Respondent. [801 NYS2d 617]—

In an action to recover no-fault medical payments, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jonas, J.), dated August 20, 2004, which granted the defendant's motion to vacate a judgment of the same court entered April 30, 2004, upon its default in opposing the plaintiffs' motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment is reinstated.

A defendant seeking to vacate a judgment entered upon default is required to demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Carnazza v Shoprite of Staten Is.*, 12 AD3d 393 [2004]; *Henry v Kuveke*, 9 AD3d 476 [2004]; *Weekes v Karayianakis*, 304 AD2d 561 [2003]). The defendant failed to do either.

The defense counsel's excuse of law office failure was conclusory and devoid of any detailed factual allegations, and thus did not constitute a reasonable excuse (*see Fekete v Camp Skwere*, 16 AD3d 544 [2005]; *Juarbe v City of New York*, 303 AD2d 462 [2003]; *Morris v Metropolitan Transp. Auth.*, 191 AD2d 682 [1993]).

In addition, the defendant failed to present a meritorious defense to the action. Contrary to the defendant's contention, written proof of claim on behalf of Michele Carias was timely submitted to it within 180 days after the date the services were rendered, as required pursuant to 11 NYCRR 65.12 (*see New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp.*, 12 AD3d 429 [2004]; *Montefiore Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 9 AD3d 354 [2004]). The affidavit submitted by the defendant's claims representative was insufficient to demonstrate that the injuries for which Carias was treated did not arise out of an insured incident (*see New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa.*, 16 AD3d 391 [2005]; *Santiago v Sansue Realty Corp.*, 243 AD2d 622, 623 [1997]; *Peacock v Kalikow*, 239 AD2d 188 [1997]). Moreover, the defendant's submissions failed to demonstrate that it denied Mario Delgado's claim for no-fault medical payments within the 30-day period prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3) (*see New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa., supra*; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 11 AD3d 664 [2004]). Accordingly, the defendant's motion to vacate the judgment entered upon its default in opposing the motion for summary judgment should have been denied (*see Presbyterian Hosp. in City of N.Y. v New York Cent. Mut. Ins. Co.*, 277 AD2d 299, 300 [2000]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.