■ Zelig Zeltser et al., Respondents, v Alan Sacerdote et al., Appellants. [808 NYS2d 286]—

In an action to compel the determination of claims to real property, the defendants appeal from an order of the Supreme Court, Kings County (Rosenberg, J.), dated August 5, 2005, which (1) granted the plaintiffs' motion to vacate a prior order of the same court dated May 16, 2005, dismissing the complaint upon their failure to appear at a "trial/settlement conference" and to restore the action to the trial calendar, and (2) denied their cross motion pursuant to 22 NYCRR 130-2.1 for an award of an attorney's fee, inter alia, for attending the trial/settlement conference at which the counsel failed to appear.

Ordered that the order is affirmed, with costs.

On May 16, 2005, the Supreme Court dismissed the complaint pursuant to 22 NYCRR 202.27 after the plaintiffs failed to appear for a scheduled "trial/settlement conference" (*see Lopez v Imperial Delivery Serv.,* 282 AD2d 190, 194-196 [2001]). In moving to vacate the order dismissing the complaint, the plaintiffs were required to demonstrate a reasonable excuse for their default in appearing at the conference and a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Bitterman v Hurewitz,* 15 AD3d 434 [2005]; *Santiago v New York City Health & Hosps. Corp.,* 10 AD3d 393, 394 [2004]; *Lopez v Imperial Delivery Servs., supra* at 197; *Syed v Fedor,* 296 AD2d 399 [2002]). The plaintiffs' trial counsel provided a reasonable excuse for his failure to appear at the trial/settlement conference based upon his wife's emergency dental treatment, which was substantiated by medical documentation (*see Fine v Fine,* 12 AD3d 399, 400 [2004]; *38 Holding Corp. v City of New York,* 179 AD2d 486, 487 [1992]). Furthermore, the affidavit of the plaintiff Antonina Zeltser set forth facts sufficiently establishing that the action is meritorious (*see Bianco v LiGreci,* 298 AD2d 482 [2002]; *Anamdi v Anugo,* 229 AD2d 408, 409 [1996]).

In view of the good cause for the failure of the plaintiffs' attorney to appear, the Supreme Court correctly declined to award an attorney's fee to the defendants pursuant to 22 NYCRR 130-2.1. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.