■ ROBERT BOLLINO, Appellant, v GARY HITZIG et al., Defendants, and SEYMOUR HANDLER, Respondent. [825 NYS2d 511]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), entered November 15, 2005, which denied his motion, in effect, to vacate so much of a judgment of the same court entered July 8, 2005, upon an order of the same court entered March 8, 2005, dismissing the action pursuant to 22 NYCRR 202.27, as is in favor of the defendant Seymour Handler and against him.

Ordered that the order is affirmed, with costs.

The complaint was dismissed pursuant to 22 NYCRR 202.27 after the plaintiff failed to appear on the date scheduled for jury selection. To be relieved of his default in appearing, the plaintiff was required to demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see McClaren v Bell Atl.*, 30 AD3d 569 [2006]; *Kein v Zeno*, 23 AD3d 351 [2005]; *Rubenbauer v Mekelburg*, 22 AD3d 826 [2005]). Under the circumstances, the plaintiff's excuse that he was not prepared to proceed with the trial was not reasonable (*see Emmett v St. Peter's Hosp.*, 293 AD2d 446 [2002]; *Wolosin v Campo*, 256 AD2d 332, 333 [1998]; *Matter of Alario v DeMarco*, 149 AD2d 587, 589-590 [1989]). Furthermore, the affirmation of the plaintiff's medical expert was insufficient to demonstrate that the medical malpractice cause of action was meritorious, since the expert failed to state with specificity, inter alia, his observations as to the procedures or treatments performed and the alleged deviations from the acceptable standards of medical care by the respondent (*see Perez v Astoria Gen. Hosp.*, 260 AD2d 457 [1999]; *Iazzetta v Vicenzi*, 243 AD2d 540 [1997]; *Nepomniaschi v Goldstein*, 182 AD2d 743, 744 [1992]). Moreover, the plaintiff failed to submit an affidavit of merit from someone with personal knowledge of the facts with respect to his remaining causes of action. Accordingly, the motion was properly denied. Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.