■ BENNETT A. COHEN, Appellant, v WALLACE & MINCHENBERG et al., Defendants, and PANKEN, BESTERMAN, WINER, BECKER & SHERMAN, LLP, et al., Respondents. [835 NYS2d 284]— In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 30, 2004, as denied that branch of his motion which was for leave to reargue and, in effect, denied that branch of his motion which was for leave to renew the prior motion of the defendants Panken, Besterman, Winer, Becker & Sherman, LLP, Kenneth Becker, individually and as a member of Panken, Besterman, Winer, Becker & Sherman, LLP, and Richard Becker, individually and as a member of Panken, Besterman, Winer, Becker & Sherman, LLP, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1), (5), and (7), or for summary judgment dismissing the complaint insofar as asserted against them, and his cross motion for leave to amend the complaint, which were determined in an order of the same court dated September 4, 2003.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to reargue is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed because no appeal lies from the denial of reargument (*see Bellantoni v Kelligrew*, 26 AD3d 401 [2006]; *Frisenda v X Large Enters.*, 280 AD2d 514 [2001]; *Sallusti v Jones*, 273 AD2d 293 [2000]). The Supreme Court properly, in effect, denied that branch of the plaintiff's motion which was for leave to renew his opposition to the respondents' prior motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1), (5), and (7), or for summary judgment dismissing the complaint insofar as asserted against them, and his prior cross motion for leave to amend the complaint, which were determined in an order of the same court dated September 4, 2003. The new evidence submitted by the plaintiff in support of that branch of the motion would not have changed the prior determination (*see* CPLR 2221 [e] [2]; *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 630 [2005]; *Gorman v Ochoa*, 2 AD3d 582, 582-583 [2003]). Crane, J.P., Ritter, Lunn and Covello, JJ., concur.