■ SHY-MAKKA BROWNFIELD et al., Appellants, v WILLIAM E. FERRIS, Respondent. [855 NYS2d 565]—

By order dated March 26, 2007, the Supreme Court granted the defendant's oral application to dismiss the complaint pursuant to 22 NYCRR 202.27 (b) after the plaintiffs failed to appear at a scheduled compliance conference (*see Zeltser v Sacerdote,* 24 AD3d 541, 542 [2005]). To vacate the order granting the defendant's application to dismiss the complaint, the plaintiffs were required to demonstrate a reasonable excuse for their failure to appear at the conference and the existence of a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Watson v New York City Tr. Auth.,* 38 AD3d 532, 533 [2007]; *Zeltser v Sacerdote,* 24 AD3d 541, 542 [2005]; *Echevarria v Waters,* 8 AD3d 330, 331 [2004]). The conclusory statement by the plaintiffs' attorney that "one of the attorneys from the firm was away on vacation" was insufficient to excuse the default (*see Fekete v Camp Skwere,* 16 AD3d 544, 545 [2005]; *Shmarkatyuk v Chouchereba,* 291 AD2d 487 [2002]; *Fuller v Tae Kwon,* 259 AD2d 662 [1999]).

Furthermore, a pattern of willful default and neglect should not be excused (*see Bowman v Kusnick,* 35 AD3d 643, 644 [2006]; *Wynne v Wagner,* 262 AD2d 556 [1999]). The plaintiffs repeatedly failed to adequately comply with the court's discovery order until the defendant moved to dismiss the complaint. Thereafter, the plaintiffs' attorney failed to appear for three scheduled compliance conferences. The plaintiffs failed to explain this pattern of willful neglect (*see Bowman v Kusnick,* 35 AD3d at 644; *Wechsler v First Unum Life Ins. Co.,* 295 AD2d 340, 341-342 [2002]; *Wynne v Wagner,* 262 AD2d 556 [1999]).

Moreover, the plaintiffs failed to demonstrate the existence of a meritorious cause of action. The affidavit of merit submitted in support of the plaintiffs' motion to vacate was devoid of any evidentiary facts or detail regarding the defendant's alleged acts of negligence (*see Smith v City of New York,* 237 AD2d 344, 345 [1997]; *Reilly-Whiteman, Inc. v Cherry Hill Textiles,* 191 AD2d 486, 487 [1993]; *Lener v Club Med,* 168 AD2d 433, 435 [1990]), and the complaint, which also contained conclusory assertions, was verified by the plaintiffs' attorney and not by an individual with personal knowledge (*see McKenna v Solomon,* 255 AD2d 496, 496-497 [1998]; *Terranova v Gallagher Truck Ctr.,* 121

AD2d 621, 621-622 [1986]; *Oversby v Linde Div. of Union Carbide Corp.,* 121 AD2d 373, 373-374 [1986]).

Accordingly, the plaintiffs' motion to vacate the order dated March 26, 2007 was properly denied. Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.