■ MIZZIAHA MURRAY, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent. [861 NYS2d 372]—

In an action, inter alia, to recover damages for wrongful death resulting from medical malpractice, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 24, 2006, as granted the defendant's motion for leave to enter judgment against her upon the dismissal of the action pursuant to 22 NYCRR 202.27 (b) and denied those branches of her cross motion which were to vacate the dismissal of the action and to restore the action to active status, (2) from a judgment of the same court dated March 22, 2007, which, upon the order, is in favor of the defendant and against her dismissing the complaint, and (3), as limited by her brief, from so much of an order of the same court dated September 28, 2007, as, upon reargument, adhered to so much of its determination in the order dated October 24, 2006, as granted the defendant's motion for leave to enter judgment against her and denied those branches of her cross motion which were to vacate the dismissal of the action and to restore the action to active status.

Ordered that the appeal from the order dated October 24, 2006 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated September 28, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order dated October 24, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The action was dismissed when the plaintiff's counsel failed to appear for a final conference on February 9, 2005 (*see* 22 NYCRR 202.27 [b]). To be relieved of the default in appearing, the plaintiff was required to demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Brownfield v Ferris,* 49 AD3d 790 [2008]; *Zeltser v Sacerdote,* 24 AD3d 541, 542 [2005]; *Solomon v Ramlall,* 18 AD3d 461 [2005]). The vague and unsubstantiated allegations of the plaintiff's counsel regarding law office failure did not amount to a reasonable excuse (*see St. Luke's Roosevelt Hosp. v Blue Ridge Ins. Co.,* 21 AD3d 946, 947 [2005]; *Solomon v Ramlall,* 18 AD3d 461 [2005]; *Fennell v Mason,* 204 AD2d 599

[1994]). The further allegations regarding law office failure contained in counsel's affirmation that was submitted for the first time in the reply papers of the plaintiff's motion, in effect, for leave to reargue were properly rejected by the court (*see Parkin v Ederer*, 27 AD3d 633 [2006]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355 [2005]). Furthermore, the plaintiff failed to submit an affidavit of merit from a medical expert (*see Mosberg v Elahi*, 80 NY2d 941 [1992]; *Salch v Paratore*, 60 NY2d 851, 852 [1983]; *Hassell v New York Univ. Med. Ctr.*, 48 AD3d 632 [2008]; *Yushavayev v Kopelman*, 307 AD2d 996 [2003]; *Burke v Klein*, 269 AD2d 348 [2000]). Accordingly, the Supreme Court properly granted the defendant's motion for leave to enter judgment against the plaintiff and properly denied those branches of the plaintiff's cross motion which were to vacate the dismissal of the action and to restore the action to active status. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.