■ STEVEN RAPPAPORT et al., Appellants, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents. [876 NYS2d 125]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated May 29, 2008, as denied that branch of their motion which was for leave to renew their prior motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar, which had been determined in an order of the same court dated March 14, 2008.

Ordered that the order is affirmed insofar as appealed from, with costs.

After the plaintiffs failed to file a note of issue in compliance with a certification order dated July 8, 2005, the action was dismissed pursuant to CPLR 3216 on October 28, 2005. Almost two years later, the plaintiffs moved, in effect, to vacate the dismissal and to restore the action to the active calendar. The Supreme Court denied the plaintiffs' motion on the ground that the plaintiffs failed to provide an affidavit of merit from a medical expert. The plaintiffs subsequently moved, inter alia, for leave to renew their motion to vacate, supported by a physician's affidavit of merit. The court denied that branch of the plaintiffs' motion which was for leave to renew, finding that the plaintiffs had failed to establish a valid excuse for not submitting the expert affidavit with the prior motion to vacate.

A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and the motion must also contain a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *Chunqi Liu v Wong,* 46 AD3d 735 [2007]; *Peycke v Newport Media Acquisition II, Inc.,* 40 AD3d 722 [2007]; *Williams v Nassau County Med. Ctr.,* 37 AD3d 594 [2007]). Here, the affidavit of merit, which was conclusory, would not have changed the prior determination, as it was insufficient to establish that the medical malpractice action was meritorious (*see Nowell v NYU Med. Ctr.,* 55 AD3d 573, 574

[2008]; *Bollino v Hitzig*, 34 AD3d 711 [2006]; *Perez v Astoria Gen. Hosp.*, 260 AD2d 457, 458 [1999]). Since the new affidavit proffered by the plaintiffs would not have changed the prior determination, that branch of the plaintiffs' motion which was for leave to renew was properly denied (*see Peycke v Newport Media Acquisition II, Inc.*, 40 AD3d 722 [2007]; *Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]). Spolzino, J.P., Ritter, Covello and Belen, JJ., concur.