47 THAMES REALTY, LLC, Appellant, v ELLEN ROBINSON et al., Respondents. [878 NYS2d 752]—

In a consolidated action, inter alia, for ejectment and to recover damages for use and occupancy, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated June 20, 2008, as denied its motion pursuant to CPLR 5015 (a) to vacate an order of the same court (Harkavy,

J.), dated February 6, 2008, which dismissed the complaint upon its failure to appear at a compliance conference, and to restore the action to the conference calendar.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint in this action was dismissed when the plaintiff failed to appear for a compliance conference on February 6, 2008. To be relieved of the default in appearing, the plaintiff was required to demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Murray v New York City Health & Hosps. Corp.*, 52 AD3d 792 [2008]; *Brownfield v Ferris*, 49 AD3d 790 [2008]; *Zeltser v Sacerdote*, 24 AD3d 541 [2005]; *Solomon v Ramlall*, 18 AD3d 461 [2005]). In this case, the vague and unsubstantiated allegation of the plaintiff's counsel that he was "unaware" of the compliance conference because he was a "busy attorney" did not amount to a reasonable excuse (*see St. Luke's Roosevelt Hosp. v Blue Ridge Ins. Co.*, 21 AD3d 946 [2005]; *Solomon v Ramlall*, 18 AD3d 461 [2005]; *Fennell v Mason*, 204 AD2d 599 [1994]). A court may, in its discretion, accept a claim of law office failure as satisfying the reasonable excuse requirement (*see* CPLR 2005; *Putney v Pearlman*, 203 AD2d 333 [1994]; *Vierya v Briggs & Stratton Corp.*, 166 AD2d 645 [1990]). In this case, the Supreme Court did not improvidently exercise its discretion in rejecting counsel's proferred excuse that the associate who scheduled the compliance conference had left his firm and had not told him about the compliance conference. This excuse was asserted for the first time in the plaintiff's reply papers (*see Murray v New York City Health & Hosps. Corp.*, 52 AD3d 792 [2008]; *Parkin v Ederer*, 27 AD3d 633 [2006]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]). Furthermore, the plaintiff failed to submit an affidavit of merit from someone with personal knowledge in support of its motion (*see Mosberg v Elahi*, 80 NY2d 941 [1992]; *Salch v Paratore*, 60 NY2d 851 [1983]; *Hassell v New York Univ. Med. Ctr.*, 48 AD3d 632 [2008]; *Yushavayev v Kopelman*, 307 AD2d 996 [2003]; *Burke v Klein*, 269 AD2d 348 [2000]). Prudenti, P.J., Santucci, Florio and Belen, JJ., concur.