■ NAJIM H. CHECHEN, Appellant, v KEVIN SPENCER, Respondent. [889 NYS2d 474]—

After the plaintiff failed to appear at a scheduled status conference on November 7, 2007 the court scheduled another status conference to be held on December 11, 2007. The action

was dismissed when the plaintiff failed to appear at the December 11, 2007 status conference (*see* 22 NYCRR 202.27 [b]). To be relieved of the default in appearing at that conference, the plaintiff was required to show both a reasonable excuse for the default and the existence of a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Barnave v United Ambulette, Inc.,* 66 AD3d 620 [2009]; *Brownfield v Ferris,* 49 AD3d 790, 791 [2008]; *Zeltser v Sacerdote,* 24 AD3d 541, 542 [2005]). The plaintiff's counsel's excuse of law office failure was vague and unsubstantiated and, thus, did not constitute a reasonable excuse for the default (*see Murray v New York City Health & Hosps. Corp.,* 52 AD3d 792, 793 [2008]; *cf. St. Luke's Roosevelt Hosp. v Blue Ridge Ins. Co.,* 21 AD3d 946, 947 [2005]). Moreover, the plaintiff failed to demonstrate the existence of a meritorious cause of action. Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the dismissal of the action (*see Brownfield v Ferris,* 49 AD3d at 791).

The Supreme Court properly denied the plaintiff's motion for leave to renew. The plaintiff failed to provide a reasonable justification for the failure to present the new facts in support of the original motion (*see* CPLR 2221 [e]; *cf. Brown Bark I, L.P. v Imperial Dev. & Constr. Corp.,* 65 AD3d 510, 512 [2009]; *Reshevsky v United Water N.Y., Inc.,* 46 AD3d 532, 533 [2007]; *Financial Pac. Leasing, LLC v D & D Wire, Inc.,* 44 AD3d 706, 707 [2007]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.