IVALISSE BUSTAMANTE et al., Appellants v GREEN DOOR REALTY CORP. et al., Respondents. [893 NYS2d 57]—

With respect to the order of January 22, 2008, even if the branch of defendants' motion to dismiss the complaint based on CPLR 3126 should have been denied, although unopposed, for lack of an affirmation of good faith as required by 22 NYCRR 202.7, the lack of opposition nevertheless warranted the grant-

ing of the branch of the motion based on the court-issued CPLR 3216 notice. Plaintiffs' motion to vacate that default on the ground that, inter alia, a court clerk had extended the CPLR 3216 notice was properly denied for lack of an affidavit of merit (*see Pennsylvania Bldg. Co. v Schaub*, 14 AD3d 365 [2005]), a defect that was not remedied by plaintiffs' submission of an affidavit of merit in their reply (*see Migdol v City of New York*, 291 AD2d 201 [2002]). Although, on renewal, plaintiffs failed to adequately explain this lapse in practice, they did show that the action is meritorious; that there were compelling reasons, having to do with their attorney's health and the health of his immediate family members, for their delay in providing the medical authorizations that defendants sought and for their failure to oppose the motion to dismiss; and that they had provided the authorizations sought to the extent possible. Furthermore, it does not appear that defendants have been prejudiced by the delays in obtaining the authorizations attributable to plaintiffs. Accordingly, in the interest of justice and substantive fairness (*see Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 376-377 [2001]), we grant renewal, excuse plaintiffs' failure to oppose defendants' motion to dismiss, and reinstate the complaint (*see 219 E. 7th St. Hous. Dev. Fund Corp. v 324 E. 8th St. Hous. Dev. Fund Corp.*, 40 AD3d 293 [2007]; *Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 293 AD2d 324 [2002]). Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.