■ Rita Siculan, Appellant, v Ifigenia Koukos et al., Respondents and Hopeful Enterprises, Inc., Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Respondent. J.S.S. Plumbing, Heating, Sprinkler Contractors, LLC, et al., Third-Party Defendants-Respondents; Sal Schettina, Third-Party Defendant/Third Third-Party Plaintiff-Respondent; J.R.M. Construction Corp., Second Third-Party Defendant/Third Third-Party Defendant-Respondent; Ridge Prepatory School, Third Third-Party Defendant-Respondent. [902 NYS2d 627]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.),

dated February 27, 2009, as denied her motion, in effect, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27 and to restore the action to the calendar, and (2) from an order of the same court dated September 21, 2009, which denied her motion for leave to renew and reargue her prior motion.

Ordered that the appeal from so much of the order dated September 21, 2009, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 27, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 21, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the action was dismissed pursuant to 22 NYCRR 202.27 (b) for counsel's failure to appear at a scheduled conference (*see Chechen v Spencer*, 68 AD3d 801, 801-802 [2009]; *Saunders v Riverbay Corp.*, 17 AD3d 137, 138 [2005]). Indeed, counsel acknowledged as much before the Supreme Court (*see DeRosario v New York City Health & Hosps. Corp.*, 22 AD3d 270, 270-271 [2005]). Consequently, in order to vacate the dismissal of the action, the plaintiff was required to demonstrate a reasonable excuse for her failure to appear and a potentially meritorious cause of action (*see e.g. Brooks v Haidt*, 30 AD3d 365 [2006]). The excuse offered, an unexplained occurrence of law office failure, was not a reasonable one (*see Chechen v Spencer*, 68 AD3d at 802; *Matter of Denton v City of Mount Vernon*, 30 AD3d 600, 601 [2006]; *Montalvo v Nel Taxi Corp.*, 114 AD2d 494, 495 [1985]). Moreover, the affidavit of merit, which was improperly submitted for the first time in reply, was insufficient to demonstrate the existence of a potentially meritorious cause of action (*see Bustamante v Green Door Realty Corp.*, 69 AD3d 521 [2010]; *Brownfield v Ferris*, 49 AD3d 790, 791-792 [2008]). Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27 and to restore the action to the calendar (*see Brownfield v Ferris*, 49 AD3d at 792).

The Supreme Court also properly denied that branch of the plaintiff's motion which was for leave to renew her prior motion. The plaintiff failed to provide a reasonable justification for the failure to present the new facts in support of her prior motion (*see* CPLR 2221 [e] [3]; *Chechen v Spencer*, 68 AD3d at 802) and, in any event, "[t]he new evidence submitted by the

plaintiff in support of that branch of the motion would not have changed the prior determination" (*Cohen v Wallace & Minchenberg*, 39 AD3d 690, 690 [2007]; *see* CPLR 2221 [e] [2]; *Khan v Nelson*, 68 AD3d 1062, 1063 [2009]). Dillon, J.P., Miller, Chambers and Lott, JJ., concur.