■ TARA HANSCOM, Appellant, v BENJAMIN GOLDMAN et al., Respondents. [972 NYS2d 76]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered April 27, 2012, which denied her motion to vacate an order of the same court dated October 21, 2011, dismissing the action pursuant to 22 NYCRR 202.27, upon her default in appearing for a pretrial conference, and to restore the action to the court's calendar.

Ordered that the order entered April 27, 2012, is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court clearly stated in its order dated October 21, 2011, that the action was dismissed pursuant to 22 NYCRR 202.27 (b) for counsel's failure to appear at a scheduled pretrial conference. The plaintiff's contention that the action was simply marked off the trial calendar pursuant to CPLR 3404, rather than dismissed pursuant to 22 NYCRR 202.27 (b) for nonappearance of counsel, is improperly raised for the first time on appeal (*see DeRosario v New York City Health & Hosps. Corp.*, 22 AD3d 270, 270-271

[2005]). Consequently, to vacate the order dated October 21, 2011, dismissing the action, and to restore the action to the court's calendar, the plaintiff was required to demonstrate a reasonable excuse for her failure to appear and a potentially meritorious cause of action (*see Siculan v Koukos,* 74 AD3d 946, 947 [2010]; *Grippi v Balkan Sewer & Water Main Serv.,* 66 AD3d 837, 838 [2009]; *Psomatithis v Transoceanic Cable Ship Co., Inc.,* 39 AD3d 837, 838 [2007]). The excuse proffered by the plaintiff's attorney that he "did not see" the pretrial conference date noted on the compliance conference order, even though he admitted that he read the order, did not constitute a reasonable excuse (*see 47 Thames Realty, LLC v Robinson,* 61 AD3d 923, 924 [2009]).

Contrary to the defendants' contention, under the circumstances of this case, the affidavit of the plaintiff's medical expert, which was submitted for the first time in reply, may be considered, since the defendants had an opportunity to respond thereto and submitted papers in surreply (*see Zernitsky v Shurka,* 94 AD3d 875, 876 [2012]; *Turturro v City of New York,* 77 AD3d 732, 734 [2010]; *Valure v Century 21 Grand,* 35 AD3d 591, 592 [2006]). However, even upon considering the aforementioned affidavit, the affidavit was conclusory and, thus, was insufficient to demonstrate that this medical malpractice action was potentially meritorious (*see Rappaport v North Shore Univ. Hosp.,* 60 AD3d 1029, 1029 [2009]; *Nowell v NYU Med. Ctr.,* 55 AD3d 573, 574 [2008]; *Bollino v Hitzig,* 34 AD3d 711, 711 [2006]).

Accordingly, the plaintiff's motion was properly denied. Angiolillo, J.P., Dickerson, Leventhal and Lott, JJ., concur.