■ BANK OF NEW YORK, as Trustee for CERTIFICATEHOLDERS CWABS, INC., ASSET-BACK CERTIFICATES, SERIES 2005-IM3, Appellant, v ERIN MOHAMMED, Also Known as ERIN SLAVIN, Respondent, et al., Defendant. [14 NYS3d 783]—

Devine, J. Appeal from an order of the Supreme Court (Zwack, J.), entered July 29, 2014 in Rensselaer County, which denied plaintiff's motions to vacate the dismissal of its foreclosure action.

Plaintiff commenced this foreclosure action against defendant Erin Mohammed in 2006 and was granted a default judgment in 2009. No judgment of foreclosure was ever submitted, and Supreme Court (McDonough, J.) scheduled a status conference for December 7, 2012. After plaintiff failed to appear at the conference, the action was dismissed pursuant to 22 NYCRR 202.27.

Plaintiff thereafter moved to vacate the dismissal and to restore the action to the court calendar, blaming its failure to appear at the conference on a scheduling error by its counsel's office. Supreme Court (Zwack, J.) scheduled a conference on the motion for December 16, 2013, and plaintiff again failed to appear. Plaintiff then filed a second motion, again seeking to vacate the dismissal of the foreclosure action and also seeking to vacate any defaults from its failure to attend the December 2013 conference, citing another failure to properly calendar the

conference date by counsel. Supreme Court thereafter denied both motions, citing a lack of a reasonable excuse for failing to appear at the conferences. Plaintiff now appeals.

We affirm. In order to vacate a dismissal pursuant to 22 NYCRR 202.27, plaintiff was required to demonstrate a reasonable excuse for its failure to appear and a potentially meritorious cause of action (*see 9 Bros. Bldg. Supply Corp. v Buonamicia*, 106 AD3d 968, 968 [2013]; *Biton v Turco*, 88 AD3d 519 [2011]). Here, the excuse proffered by plaintiff for failing to appear at the two conferences—that counsel calendared the conference on the wrong date—is not a reasonable excuse, especially in light of the fact that counsel committed the same error twice (*see Hanscom v Goldman*, 109 AD3d 964, 965 [2013]; *Siculan v Koukos*, 74 AD3d 946, 947 [2010]). Given the absence of a reasonable excuse for the repeated failures of counsel to appear for scheduled conferences, Supreme Court properly denied plaintiff's motions.

Garry, J.P., Rose and Clark, JJ., concur. Ordered that the order is affirmed, with costs.