Matter of MAPFRE Ins. Co. of NY v Callahan (2018 NY Slip Op 06016)





Matter of MAPFRE Ins. Co. of NY v Callahan


2018 NY Slip Op 06016


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-11185
 (Index No. 600289/15)

[*1]In the Matter of MAPFRE Insurance Company of NY, respondent, 
v
Jennifer Callahan, appellant.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Dierdre Tobin, Garden City, NY (Louis T. Cornacchia III of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Jennifer Callahan appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered October 13, 2016. The order denied the appellant's motion pursuant to CPLR 5015(a)(1) to vacate her default in appearing at a framed-issue hearing and to restore the case to the active calendar.
ORDERED that the order is affirmed, with costs.
In this proceeding pursuant to CPLR article 75, the petitioner, MAPFRE Insurance Company of NY (hereinafter MAPFRE), sought to permanently stay arbitration of the claim of Jennifer Callahan for uninsured motorist benefits arising from a 2009 motor vehicle accident. MAPFRE contended, inter alia, that Callahan had withdrawn her claim and had failed to comply with the conditions precedent set forth in her policy of insurance for asserting the claim. The Supreme Court ordered a framed-issue hearing to resolve the various issues raised by MAPFRE. Following a lengthy period of delay during which numerous adjournments of the hearing were granted, the matter was marked final and scheduled to be heard on May 19, 2016. MAPFRE's counsel and a witness for MAPFRE appeared for the hearing. Callahan failed to appear on that date, despite having been subpoenaed. Moreover, although her attorney answered the calendar call that morning and indicated his readiness to proceed, he did not appear when the court convened the hearing less than two hours later, despite his receipt of text messages from opposing counsel requesting his presence, and he did not advise the court in advance that he might be delayed due to appearances on other matters. The court granted the petition on Callahan's default and subsequently denied her motion pursuant to CPLR 5015(a)(1) to vacate the default.
In order to vacate a default pursuant to CPLR 5015(a)(1), the moving party must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the petition (see Li Fen Li v Cannon Co., Inc., 155 AD3d 858, 859; Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557). The determination of what constitutes a reasonable excuse is addressed to the sound discretion of the trial court (see Madonna Mgt. Servs., Inc. v Naghavi R.S. M.D. PLLC, 123 AD3d 986, 987; Fried v Jacob Holding, Inc., 110 AD3d 56, 60; Matter of Morales v Marma, 88 AD3d 722). Here, on the motion to vacate, no excuse was provided for Callahan's failure to personally appear for the hearing. Moreover, given the lengthy history of this matter, the numerous [*2]adjournments that were granted, and the failure of Callahan's attorney to advise the Supreme Court of his other obligations on the date of the hearing, the claim of law office failure by Callahan's attorney did not constitute a reasonable excuse for his default in appearing (see generally Matter of Tsoukas v Tsoukas, 125 AD3d 872, 876-877; Hanscom v Goldman, 109 AD3d 964, 965; Matter of Stewart, 65 AD3d 634, 635; 47 Thames Realty, LLC v Robinson, 61 AD3d 923, 924; Bollino v Hitzig, 34 AD3d 711).
In view of the foregoing, we need not address whether Callahan presented a potentially meritorious defense to the petition. Nevertheless, we note that she failed to do so, since her submissions lacked an affidavit from someone with personal knowledge addressing her withdrawal of the uninsured motorist claim and her failure to comply with the conditions precedent of the policy (see Matter of Stewart, 64 AD3d at 635; 47 Thames Realty, LLC v Robinson, 61 AD3d at 924; Bollino v Hitzig, 34 AD3d at 711).
Accordingly, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying Callahan's motion to vacate her default.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court