Grocery Leasing Corp. v P&C Merrick Realty Co., LLC (2021 NY Slip Op 04701)





Grocery Leasing Corp. v P&C Merrick Realty Co., LLC


2021 NY Slip Op 04701


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-01875
2018-04328
 (Index No. 707253/17)

[*1]Grocery Leasing Corp., appellant, 
v
P & C Merrick Realty Co., LLC, respondent, et al., defendants.


Kaplan Levenson, P.C., New York, NY (Steven M. Kaplan of counsel), for appellant.
Gerard J. White, P.C., Malverne, NY, for respondent.
Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan M. Shapiro of counsel), for defendants 104-16, LLC, and Golden Progress, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered January 11, 2018, and (2) an order of the same court entered March 19, 2018. The order entered January 11, 2018, insofar as appealed from, granted those branches of the motion of the defendant P & C Merrick Realty Co., LLC, which were, in effect, pursuant to CPLR 3211(a) to dismiss the causes of action alleging specific performance and breach of contract insofar as asserted against it. The order entered March 19, 2018, denied the plaintiff's motion for leave to reargue its opposition to those branches of the motion of the defendant P & C Merrick Realty Co., LLC, which were, in effect, pursuant to CPLR 3211(a) to dismiss the causes of action alleging specific performance and breach of contract insofar as asserted against it.
ORDERED that the appeal from the order entered March 19, 2018, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered January 11, 2018, is reversed insofar as appealed from, on the law, and those branches of the motion of the defendant P & C Merrick Realty Co., LLC, which were, in effect, pursuant to CPLR 3211(a) to dismiss the causes of action alleging specific performance and breach of contract insofar as asserted against it are denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff was a tenant in a commercial building owned by the defendant P & C Merrick Realty Co., LLC (hereinafter P & C Merrick). The lease provided the plaintiff with a right of first refusal to purchase the property whereby, upon receiving written notice of the price and terms of an offer of sale to a third party, the plaintiff had 15 days to enter into a written agreement with P & C Merrick matching the price and terms of the offer. In November 2016, P & C Merrick received a $1,900,000 offer to purchase the property from the defendant Golden Progress, Inc. (hereinafter Golden Progress), and P & C Merrick notified the plaintiff of that offer in accordance with the terms [*2]of the lease (hereinafter the November 2016 notice of sale). The plaintiff, however, opted not to exercise its right of first refusal at the price and terms specified in the November 2016 notice of sale. In May 2017, the plaintiff commenced this action against P & C Merrick, Golden Progress, and 104-16, LLC, asserting, inter alia, causes of action alleging breach of contract, specific performance of its right of first refusal, and tortious interference with contract. The plaintiff alleged that P & C Merrick, after sending the November 2016 notice of sale to the plaintiff, entered into a second contract of sale with the defendant 104-16, LLC, purportedly for a lower price than that reflected in the sale between P & C Merrick and Golden Progress. The plaintiff further alleged that P & C Merrick entered into this second contract of sale without providing the required notice to the plaintiff.
In lieu of an answer, P & C Merrick moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In its reply papers, however, P & C Merrick asserted, for the first time, that it had intended to move to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7). In an order entered January 11, 2018, the Supreme Court, among other things, denied, as premature, that branch of P & C Merrick's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and granted those branches of P & C Merrick's motion which were, in effect, pursuant to CPLR 3211(a) to dismiss the causes of action alleging specific performance and breach of contract insofar as asserted against it. The plaintiff subsequently moved for leave to reargue its opposition to P & C Merrick's motion, or alternatively, for leave to amend the complaint. In an order entered March 19, 2018, the court denied the motion. The plaintiff appeals.
The Supreme Court erred in considering P & C Merrick's contention, raised for the first time in reply, that it intended to move pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it rather than moving for summary judgment dismissing the complaint insofar as asserted against it. There is no indication in the record that the plaintiff had an opportunity to respond to P & C Merrick's reply and to submit papers in surreply (see Gottlieb v Wynne, 159 AD3d 799, 801). Thus, the court should not have addressed the arguments raised by P & C Merrick for the first time in its reply papers (see St. John's Univ. v Butler Rogers Baskett Architects, P.C., 105 AD3d 728, 728-729; cf. Hanscom v Goldman, 109 AD3d 964, 965). As these new legal arguments were the basis for directing dismissal of the causes of action alleging specific performance and breach of contract, the plaintiff was prejudiced, and the Supreme Court erred in directing dismissal of those causes of action.
The plaintiff's remaining contentions are outside the scope of the plaintiff's notice of appeal and amended notice of appeal (see CPLR 5515[1]) or have been rendered academic in light of our determination.
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court