Romanova v Glatzer

2026 NY Slip Op 03013

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Elena Romanova, appellant,

v

Clifford Glatzer, etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2023-09741, (Index No. 513914/16)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Vera Gretchyn Marino, Great Neck, NY (Nora Constance Marino of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Claude S. Platton and Geoffrey E. Curfman of counsel), for respondents Clifford Glatzer, Coney Island Hospital, and New York City Health and Hospitals Corporation.

Chesney, Nicholas & Brower LLP, Syosset, NY (Rudolph P. Petruzzi of counsel), for respondent Alex Solovey.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 22, 2023. The order, in effect, granted the motion of the defendants Clifford Glatzer, Coney Island Hospital, and New York City Health and Hospitals Corporation pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them, and granted that branch of the separate motion of the defendant Alex Solovey which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against him.

ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In 2016, the plaintiff commenced this action against the defendants Clifford Glatzer, Coney Island Hospital, and New York City Health and Hospitals Corporation (hereinafter collectively the NYC defendants), and Alex Solovey to recover damages for medical malpractice and lack of informed consent. Solovey moved, and the NYC defendants separately moved, to dimiss the complaint insofar as asserted against each of them due to the plaintiff's failure to prosecute. In March 2022, the Supreme Court denied the motions and directed the parties to complete discovery. As of November 10, 2022, when the parties appeared for a conference, all discovery remained outstanding. In an order dated November 10, 2022 (hereinafter the November 2022 order), the court directed the plaintiff to produce an affidavit of a medical expert to opine as to the merits of the matter within 90 days of the receipt of certain files. The court noted that "[t]he failure of counsel for the plaintiff to provide the affirmation of an expert may result in the dismissal of this action." On February 10, 2023, the plaintiff served and filed an affirmation of Petra Rietschel, a medical oncologist (hereinafter the Rietschel affirmation).

Thereafter, the NYC defendants moved, and Solovey separately moved, inter alia, [*2]pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them, contending that the plaintiff failed to comply with the November 2022 order. In an order dated August 22, 2023, the Supreme Court, in effect, granted the NYC defendants' motion and that branch of Solovey's motion. The plaintiff appeals.

"Pursuant to CPLR 3126(3), '[i]f any party . . . refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed . . . , the court may make such orders with regard to the failure or refusal as are just,' including, inter alia, an order 'dismissing the action'" (Winters v City of New York, 234 AD3d 805, 807, quoting CPLR 3126[3]; see Cooper v Mt. Sinai Hosp., 208 AD3d 453, 454). "'Before a court invokes the drastic remedy of striking a pleading . . . , there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious'" (De Leo v State-Whitehall Co., 126 AD3d 750, 752, quoting Harris v City of New York, 117 AD3d 790, 790; see JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs., 119 AD3d 903, 903). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time" (Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d 819, 820; see De Leo v State-Whitehall Co., 126 AD3d at 752; Harris v City of New York, 117 AD3d at 791). "'Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed'" (Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 652, quoting Lotardo v Lotardo, 31 AD3d 504, 505).

Here, the record reflects that the plaintiff commenced this action in 2016, and that all discovery remained outstanding in 2022. Specifically, the plaintiff failed to respond to six demands for discovery served by the defendants between 2017 and 2019, failed to execute authorizations for her medical records, and failed to appear for her deposition. The plaintiff also failed to offer a reasonable excuse for the delay. The plaintiff contends that much of the delay was a result of the substitution of her guardian ad litem as the plaintiff, followed by its removal, and the plaintiff's need to obtain new counsel. However, the plaintiff offers no excuse for her delay in complying with discovery obligations after March 2022, when she obtained new counsel. Accordingly, the Supreme Court providently exercised its discretion in directing dismissal of the complaint pursuant to CPLR 3126 (see Taglianetti v Bay Ridge Med. Imaging, P.C., 229 AD3d 477, 478-479; Hongyan Sun v Lee, 212 AD3d 717, 719; Patrick v Lend Lease [US] Constr. LMB, Inc., 203 AD3d 836, 838).

The Supreme Court also properly determined that the Rietschel affirmation failed to comply with the November 2022 order. In a medical malpractice action, when directed to produce an affidavit of merit following a motion to dismiss for failure to prosecute, the plaintiff must produce an affidavit from "a medical expert competent to attest to the meritorious nature of the cause of action" (King v Dobriner, 106 AD3d 1053, 1054; see Jedraszak v County of Westchester, 102 AD3d 924, 925; Stukas v Streiter, 83 AD3d 18, 28). A meritorious cause of action requires the plaintiff to establish that the defendant departed from the applicable standard of care, and that such departure proximately caused the plaintiff's injury (see Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 945-946; Hogan v Schwartz, 119 AD3d 650, 652; Smith v Tyras, 265 AD2d 217, 217). "Without a showing of causation, the plaintiff has failed to show that the action has potential merit, since proximate cause is an essential element of a claim for medical malpractice" (Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 799; see Gilmore v Mihail, 174 AD3d 686, 687).

Here, the plaintiff failed to demonstrate a meritorious cause of action against either the NYC defendants or Solovey, as the Rietschel affirmation was largely speculative and conclusory. Rietschel first opined that the plaintiff presented to the defendants with "obvious leukemia," which they failed to timely diagnose. However, Rietschel failed to detail, by reference to the plaintiff's medical records, the symptoms that the plaintiff exhibited, or to establish that they were associated with acute myeloid leukemia or would have suggested acute myeloid leukemia to a reasonably competent physician (see Sicoli v Sasson, 76 AD3d 1002, 1003-1004; Bollino v Hitzig, 34 AD3d 711, 711; Perez v Astoria Gen. Hosp., 260 AD2d 457, 457-458).

Rietschel further failed to set forth the applicable standard of care, and did not explain how the defendants' alleged deviations therefrom proximately caused the plaintiff's injuries. As a result, the Rietschel affirmation was insufficient to demonstrate that the plaintiff had a meritorious cause of action (see Bollino v Hitzig, 34 AD3d at 711; Perez v Astoria Gen. Hosp., 260 AD2d at 457-458).

Further, Solovey correctly contends that the plaintiff failed to establish that Rietschel was competent to opine as to the standard of care in general dentistry. "'While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practice in that field, the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion is reliable'" (Samer v Desai, 179 AD3d 860, 862-863, quoting Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895; see Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1080). "Thus, where a physician provides an opinion beyond his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Lavi v NYU Hosps. Ctr., 133 AD3d 830, 831; see Romano v Stanley, 90 NY2d 444, 452; Tsimbler v Fell, 123 AD3d 1009, 1009).

Here, Rietschel, who specialized in medical oncology, did not indicate that she had any specific training or expertise in general dentistry or pre-operative testing in connection with dental procedures, and failed to "set forth how [she] was, or became, familiar with the applicable standards of care in this specialized area of practice" (Lavi v NYU Hosps. Ctr., 133 AD3d at 831; see Galluccio v Grossman, 161 AD3d 1049, 1052). Accordingly, the Rietschel affirmation lacked probative value as to Solovey, and was insufficient to establish that the plaintiff's cause of action against Solovey was meritorious. Further, the Supreme Court properly declined to consider an affirmation of Lindsey P. Wolfer, which was submitted for the first time in opposition to Solovey's motion (see King v Dobriner, 106 AD3d at 1054; Siculan v Koukos, 74 AD3d 946, 947).

In light of our determination, the plaintiff's remaining contention need not be reached.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court