■ LARRY UY, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL, Defendant, and LEONARD BENEDICT, Respondent. [669 NYS2d 228] —In an action, *inter alia,* to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), entered March 18, 1997, which denied his motion to vacate a judgment of the same court entered October 7, 1996, dismissing the complaint insofar as asserted against the defendant Dr. Leonard Benedict, upon the plaintiff's purported default in complying with a conditional order of preclusion dated April 30, 1996.

Ordered that the order is reversed, with costs, the motion to vacate the judgment is granted, and the complaint insofar as

asserted against the defendant Dr. Leonard Benedict is reinstated.

The defendants separately moved, *inter alia,* to dismiss the complaint based upon the plaintiff's failure to disclose certain material. By order dated April 30, 1996, the court, among other things, directed the plaintiff to give certain items to the defendants and provided that if the plaintiff did not do so, the complaint would be dismissed. By notice of settlement dated September 24, 1996, the defendant Dr. Leonard Benedict presented a judgment dismissing the complaint insofar as asserted against him for settlement before the Clerk of the Supreme Court, Nassau County. The judgment recited, *inter alia,* that the plaintiff had failed to serve a further bill of particulars upon Dr. Benedict. Despite the plaintiff's opposition, the Clerk signed and entered the judgment. However, on or about June 27, 1996, the plaintiff had in fact complied with the order of preclusion dated April 30, 1996, by serving on both defendants an authorization directed to "GHI", an affidavit from the decedent's sister, and a further verified bill of particulars. Since the plaintiff did not default in any respect, the court should not have entered judgment dismissing the complaint insofar as asserted against Benedict. Under the circumstances, the plaintiff is not required to offer an excuse for the purported default and an affidavit of merits (*see, Ardila v Roosevelt Hosp.,* 55 AD2d 557). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.