ELIZABETH PELAEZ, Appellant, v WESTCHESTER MEDICAL CENTER et al., Respondents. [789 NYS2d 533]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered May 29, 2003, as denied that branch of her motion which was, in effect, to vacate the dismissal of the complaint with prejudice upon her failure to appear at a court-ordered conference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was, in effect, to vacate the dismissal of the complaint with prejudice is granted, and the complaint is reinstated.

After an ex parte communication with a defense counsel on February 10, 2003 (*see* Rules of Judicial Conduct [22 NYCRR] § 100.3 [B] [6] [a]), following this Court's vacatur of a stay of further proceedings, the Supreme Court directed this defense counsel to notify by facsimile (hereinafter fax) the plaintiff's

counsel that the case would be conferenced on February 14, 2003. Although the plaintiff's counsel had repeatedly notified the adversaries that it would not accept any fax service, the defense counsel transmitted a three-page fax to the plaintiff's attorney. This fax, sent three times, never contained notification of the February 14, 2003, conference. When no one from the plaintiff's side appeared in court on February 14th, the Supreme Court purported to dismiss the action on the record with prejudice.

Within 10 days, the plaintiff promptly moved, inter alia, in effect, to vacate the dismissal of the action with prejudice. The Supreme Court denied that branch of the plaintiff's motion which was, in effect, to vacate. It characterized the dismissal as made pursuant to 22 NYCRR 202.27 (b), the vacatur of which requires a reasonable excuse and affidavit of merit (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). Since there was no demonstration of merit and the court rejected the plaintiff's excuse—indeed, it blamed the plaintiff for not knowing about the conference—the Supreme Court denied that branch of the motion which was, in effect, to vacate the dismissal of the action with prejudice. This was error.

Under the particular circumstances of this case, the failure to be notified of the conference was fatal to the finding of default. Without such notice, the plaintiff's failure to appear at the conference could not qualify as a failure to perform a legal duty, the very definition of a default (*see* Black's Law Dictionary 449 [8th ed 2004]; *Kumer v Passafiume,* 258 AD2d 625, 626 [1999]; *Uy v North Shore Univ. Hosp.,* 247 AD2d 607, 608 [1998]). This is analogous to the situation of a defendant who has not been served with process and suffers a default judgment. In both situations the "default" is a nullity along with the remedy the court renders in response (*see* CPLR 5015 [a] [4]). In both situations, vacatur is required as a matter of law and due process, and no showing of a meritorious cause of action or defense is required (*see Peralta v Heights Med. Ctr.,* 485 US 80, 86-87 [1988]; *Kumer v Passafiume, supra; Uy v North Shore Univ. Hosp., supra; Shaw v Shaw,* 97 AD2d 403, 404 [1983]; Siegel, NY Prac § 430, at 698 [3d ed]; *cf. Woodson v Mendon Leasing Corp.,* 100 NY2d 62, 68 [2003] ["In addition to the grounds set forth in section 5015 (a), a court may vacate its own judgment for sufficient reason and in the interest of substantial justice"]).

Accordingly, the dismissal on February 14, 2003, was a nullity, and it should have been recognized as such by granting that branch of the plaintiff's motion which was, in effect, to vacate the dismissal of the action with prejudice. Crane, J.P., Rivera, Skelos and Lifson, JJ., concur.