█ WAYNE TRAGNI et al., Respondents, v DAMON S. TRAGNI, Appellant. [803 NYS2d 617]—

In an action, inter alia, for a judgment declaring that Wayne Tragni, Peter Tragni, Nicholas Tragni and Damon S. Tragni each own 25% of Chinatown Realty Corp., the defendant Damon S. Tragni appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered April 22, 2004, as denied that branch of his motion which was to vacate an order of the same court entered March 10, 2004, upon his default in appearing at a compliance conference, authorizing judgment against him by default pursuant to 22 NYCRR 202.27 (a), (2) from an order of the same court entered June 25, 2004, which granted the plaintiffs' motion for summary judgment on the issue of damages, and (3) from a judgment of the same court dated August 10, 2004, which, in effect, directed that the Commissioner of Finance distribute from escrow the total principal sum of $182,336.65 to the defendants Wayne Tragni, Peter Tragni and Nicholas Tragni and the principal sum of only $60,778.89 to him.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the defendant's motion which was to vacate the order entered March 10, 2004 is granted, the order entered March 10, 2004 is vacated, the plaintiffs' motion for summary judgment on the issue of damages is denied, and the orders entered April 22, 2004 and June 25, 2004 are modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Ordinarily, where a court grants judgment to a plaintiff pursuant to 22 NYCRR 202.27 (a) based upon a defendant's default in appearing at a conference, the default may be vacated only if the defendant can demonstrate both a reasonable excuse for the default in appearing and a meritorious defense (*see Bloom v Primus Automotive Fin. Servs.*, 292 AD2d 410 [2002]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). In this case, however, the attorney for the defendant never received actual

notice of the compliance conference from the plaintiffs' attorney, although the plaintiffs' attorney was directed to notify the defendant's attorney. This circumstance not only constituted a reasonable excuse for his failure to appear (*see Rosa Hair Stylists v Jaber Food Corp.*, 218 AD2d 793 [1995]), it also established that the defendant was not in default at all (*see Pelaez v Westchester Med. Ctr.*, 15 AD3d 375, 376 [2005]). Under these circumstances, the defendant was excused from the need to show a meritorious defense (*id.*), although the defendant nonetheless succeeded in demonstrating one.

Accordingly, the Supreme Court erroneously denied the defendant's motion to vacate the order entered March 10, 2004. Prudenti, P.J., Florio, Crane and Lifson, JJ., concur.