■ M.S. HI-TECH, INC., Respondent, v DONALD J. THOMPSON, JR., Appellant. [808 NYS2d 122]—

In action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated October 20, 2003, which granted the plaintiff's motion pursuant to 22 NYCRR 202.27 (a) for leave to enter judgment upon his default in appearing at a compliance conference.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The defendant's affidavit presented a reasonable excuse for his failure to appear at the compliance conference purportedly scheduled for June 17, 2003, based on his lack of notice of the compliance conference. The record does not contain any evidence that the defendant received notice of the conference. Additionally, the record contains verified pleadings by the defendant which suggest the possibility of a meritorious defense. Moreover, there is no indication that the defendant's failure to appear at the compliance conference was deliberate, or that it caused the plaintiff to suffer prejudice. Under the circumstances, and considering that public policy favors resolution of cases on the merits, the Supreme Court should have denied the plaintiff's motion (*cf. Cazeau v Paul*, 2 AD3d 477, 478 [2003]; *Reices v Catholic Med. Ctr. of Brooklyn & Queens*, 306 AD2d 394 [2003]; *see generally Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.