■ RAJATA BONIK, Respondent, v JOSEPH TARRABOCCHIA, Appellant. [910 NYS2d 530]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals from a judgment of the Supreme Court, Queens County (Schulman, J.), entered September 2, 2009, which, upon an order dated September 23,

2008, denying his cross motion to vacate his default in appearing at a court-ordered conference on September 29, 2004, and upon an order entered April 6, 2009, denying his motion for leave to renew and reargue his cross motion to vacate his default in appearing at a court-ordered conference on September 29, 2004, and his opposition to the plaintiff's renewed motion for leave to enter judgment against him upon his default in complying with both a judgment entered March 22, 2006, and an order entered July 20, 2007, is in favor of the plaintiff and against him directing him to transfer the subject real property to the plaintiff in consideration of the sum of $361,080.

Ordered that the judgment entered September 2, 2009, is reversed, on the law, with costs, the plaintiff's renewed motion for leave to enter judgment against the defendant upon the defendant's failure to comply with both the judgment entered March 22, 2006, and the order entered July 20, 2007, is denied, the defendant's cross motion to vacate his default in appearing at a court-ordered conference on September 29, 2004, is granted, the judgment entered March 22, 2006, and the order entered July 20, 2007, are vacated, those branches of the defendant's motion which were to renew and reargue his cross motion to vacate his default in appearing at the conference and his opposition to the plaintiff's renewed motion for leave to enter judgment against him upon his default in complying with both the judgment entered March 22, 2006, and the order entered July 20, 2007, are denied as academic, and the orders dated September 23, 2008, and entered April 6, 2009, respectively, are modified accordingly.

In an order entered July 1, 2004, the Supreme Court, inter alia, granted that branch of the plaintiff's unopposed motion which was to restore the action to the calendar, and thereupon scheduled a conference for September 29, 2004. The defendant failed to appear at either the conference or the subsequent inquest held on October 25, 2004. On March 22, 2006, judgment was entered, among other things, directing the specific performance of a contract between the parties for the sale of certain real property. In an order entered July 20, 2007, the same court, inter alia, granted that branch of the plaintiff's unopposed motion which was to direct the defendant to comply with the judgment entered March 22, 2006. When the defendant failed to comply with both that judgment and that order, the plaintiff made a renewed motion for leave to enter another default judgment against the defendant. By notice dated April 30, 2008, the defendant cross-moved to vacate his default in appearing at the conference scheduled for September 29, 2004. In an order dated

September 23, 2008, the Supreme Court granted the plaintiff's renewed motion for leave to enter a default judgment, and denied the defendant's cross motion to vacate his default in appearing at the conference. By notice of motion dated November 13, 2008, the defendant moved for leave to renew and reargue both his opposition to the plaintiff's renewed motion, as well as his own cross motion. The Supreme Court denied leave to renew and reargue, and judgment was entered in favor of the plaintiff. We reverse.

The plaintiff failed to rebut the defendant's sworn statement that he never received a copy of the order entered July 1, 2004, which, inter alia, scheduled a conference for September 29, 2004. The assertion of the plaintiff's attorney that she personally served that order upon the then-pro se defendant was not supported by a proper affidavit of service or other proof of service (see *Lambert v Schreiber*, 69 AD3d 904 [2010]). A written statement prepared by the plaintiff's attorney on August 4, 2004, was neither sworn to before a notary public nor subscribed and affirmed to be true under the penalties of perjury and, thus, did not constitute competent evidence of service (see CPLR 2106; *Moore v Tappen*, 242 AD2d 526 [1997]). Without notice of the conference, the defendant's "default" was a nullity, as was the remedy imposed by the Supreme Court as a consequence (see CPLR 5015 [a] [4]; *Pelaez v Westchester Med. Ctr.*, 15 AD3d 375, 376 [2005]; *Tragni v Tragni*, 21 AD3d 1084, 1085 [2005]; cf. *Hwang v Tam*, 72 AD3d 741, 742 [2010]). In this situation, vacatur of the default is required as a matter of law and due process, and no showing of a potentially meritorious defense is required (see *Pelaez v Westchester Med. Ctr.*, 15 AD3d at 376; *Kumer v Passafiume*, 258 AD2d 625, 626 [1999]). Consequently, the subsequent inquest, the judgment entered March 21, 2006, and the order dated July 16, 2007, were all nullities, and must be vacated. In addition, there was no competent proof that the plaintiff served the defendant with notice of the inquest, a copy of the judgment entered March 22, 2006, with notice of entry, or a copy of the order entered July 20, 2007, with notice of entry.

Accordingly, the plaintiff's renewed motion for leave to enter a default judgment against the defendant should have been denied and the defendant's cross motion to vacate his default in appearing at the conference of September 29, 2004, should have been granted. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.