■ THOMAS PAVLOU et al., Appellants, v ASSOCIATES FOOD STORES, INC., et al., Respondents. [946 NYS2d 494]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Lally, J.), dated June 29, 2011, which, upon an order dated June 2, 2011, denying their motion, in effect, to vacate an order entered April 21, 2010, sua sponte, dismissing the action pursuant to 22 NYCRR 202.27, and to restore the action to the trial calendar, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the plaintiffs' motion, in effect, to vacate the order entered April 21, 2010, and to restore the action to the trial calendar is granted, the order entered April 21, 2010, is vacated, and the order dated June 2, 2011, is modified accordingly.

In an order entered April 21, 2010, the Supreme Court, sua sponte, dismissed this action pursuant to 22 NYCRR 202.27 on the ground that the plaintiffs failed "to proceed as directed by the court" when they did not appear on a scheduled court date. The plaintiffs demonstrated that they did not have notice of the trial calendar call of the action through the uncontroverted affidavit of their attorney, which stated that counsel did not receive any notice for a court appearance (*see M.S. Hi-Tech, Inc. v Thompson*, 23 AD3d 442, 443 [2005]). Without notice of the

court appearance, the plaintiffs' default was a nullity, as was the remedy imposed by the Supreme Court as a consequence (*see* CPLR 5015 [a] [4]; *Bonik v Tarrabocchia*, 78 AD3d 630, 632 [2010]; *Tragni v Tragni*, 21 AD3d 1084, 1085 [2005]; *Pelaez v Westchester Med. Ctr.*, 15 AD3d 375, 376 [2005]). In this situation, vacatur of the default was required as a matter of law and due process, and no showing of a potentially meritorious cause of action was required (*see Bonik v Tarrabocchia*, 78 AD3d at 632; *Pelaez v Westchester Med. Ctr.*, 15 AD3d at 376; *Kumer v Passafiume*, 258 AD2d 625, 626 [1999]). Accordingly, the plaintiffs' motion, in effect, to vacate the order entered April 21, 2010, sua sponte, dismissing the action, and to restore the action to the trial calendar should have been granted. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.