In a consolidated action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O’Donoghue, J.), dated December 23, 2010, which denied her motion to restore the action to the trial calendar and, in effect, to sever all causes of action and cross claims based upon CPLR article 16 asserted by or against the defendant St. John’s Queens Medical Center and Catholic Medical Center of Brooklyn and Queens, Inc.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion to restore the action to the trial calendar and, in effect, to sever all causes of action and cross claims based upon CPLR article 16 asserted by or against the defendant St. John’s Queens Medical Center and Catholic Medical Center of Brooklyn and Queens, Inc., is granted.
On or about July 23, 2010, the plaintiff moved to restore this consolidated action, inter alia, to recover damages for medical malpractice to the trial calendar. The plaintiff also moved, in effect, to sever all causes of action and cross-claims based upon CPLR article 16 asserted by or against the defendant St. John’s Queens Medical Center and Catholic Medical Center of Brooklyn and Queens, Inc. (hereinafter St. John’s). In support of that branch of her motion which was to restore the action to the trial calendar, the plaintiff asserted that on September 2, 2009, the Supreme Court “dismissed” the action after she did not appear for a court conference. The plaintiff asserted, among other things, that she had not been informed of the September 2, 2009, conference date.
In opposition to the plaintiffs motion, the defendants New York City Health and Hospitals Corp., City of New York, and Elmhurst Hospital Center (hereinafter collectively the Elmhurst *869 defendants) asserted, inter alia, that the action had been marked off the calendar on December 7, 2004. Therefore, the Elmhurst defendants contended, the action was properly dismissed for failure to prosecute. In addition, the Elmhurst defendants argued that the action should not be restored to the trial calendar because the plaintiff could not show a reasonable excuse for the delay, a meritorious cause of action, and a lack of prejudice to them. The Supreme Court denied the plaintiff’s motion, and the plaintiff appeals.
CPLR 3404 provides that when a case is “marked ‘off’ or struck from the calendar or unanswered on a clerk’s calendar call, and not restored within one year thereafter,” that case “shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute.” Although the Elmhurst defendants assert that the action was marked off the calendar on December 7, 2004, and that the action was properly dismissed on September 2, 2009, for failure to prosecute, there is no indication in the record that the action was ever marked off the calendar. Furthermore, if the action was indeed marked off the calendar on December 7, 2004, the Elmhurst defendants have not indicated how the action could have been “dismissed” more than four years later on September 2, 2009.
In support of her motion, the plaintiff demonstrated that she did not have notice of the September 2, 2009, court conference (see Pavlou v Associates Food Stores, Inc., 96 AD3d 919, 919 [2012]). Without notice of the conference, the plaintiffs default was a nullity, as was the remedy imposed by the Supreme Court as a consequence (see CPLR 5015 [a] [4]; Pavlou v Associates Food Stores, Inc., 96 AD3d at 919-920; Bonik v Tarrabocchia, 78 AD3d 630, 632 [2010]; Tragni v Tragni, 21 AD3d 1084, 1085-1086 [2005]; Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376 [2005]). In this situation, vacatur of the default was required as a matter of law and due process, and no showing of a potentially meritorious cause of action was required (see Pavlou v Associates Food Stores, Inc., 96 AD3d at 920; Bonik v Tarrabocchia, 78 AD3d at 632; cf. Stancati v Weber, 17 AD3d 447 [2005]).
In addition, the Supreme Court should have granted that branch of the plaintiffs motion which was, in effect, to sever to all causes of action and cross claims based upon CPLR article 16 asserted by or against St. John’s {see CPLR 603). In this regard, St. John’s had previously commenced chapter 11 bankruptcy proceedings, resulting in an automatic stay pursuant to 11 USC § 362 (a) of the continuation of any action or proceeding against it. However, the automatic stay provisions of the federal bankruptcy code did not extend to the non-bankrupt *870 Elmhurst defendants (see Rosenbaum v Dane & Murphy, 189 AD2d 760, 761 [1993]). Since the bankruptcy stay did not apply to the Elmhurst defendants, “the prejudice to the plaintiff in being required to await the conclusion of the bankruptcy proceeding before obtaining any remedy outweighs any potential inconvenience to the [remaining] defendants” (Moy v St. Vincent’s Hosp. & Med. Ctr. of N.Y., 92 AD3d 651, 652 [2012]).
Lastly, while the parties assert that the action was “dismissed” on September 2, 2009, when the plaintiff did not appear for a court conference, there is no written order in the record demonstrating that the Supreme Court directed the dismissal of the action, and, therefore, there is no documentation in the record showing the basis for any such dismissal. Prior to directing the dismissal of any matter for any reason, the court should enter a written order stating the basis for the dismissal (see Bais Yoel Ohel Feige v Congregation Yetev Lev D’Satmar of Kiryas Joel, 28 AD3d 594, 595 [2006]; Solomon v Ramlall, 18 AD3d 461 [2005]; Robinson v Soutar, 12 AD3d 432 [2004]; Baez v Mohamed, 10 AD3d 623, 624 [2004]; Veramallay v Paim, 5 AD3d 673, 674 [2004]). Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.