In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (O’Donoghue, J.), entered July 15, 2011, which denied his motion to vacate an order of the same court entered March 10, 2010, which, sua sponte, dismissed the action pursuant to 22 NYCRR 202.27 (b) based on the plaintiffs failure to appear for a court-ordered compliance conference and, in effect, to vacate a judgment of the same court entered November 17, 2010, which, upon the order entered March 10, 2010, dismissed the action, and to restore the matter to the trial calendar, and (2) from an order of the same court entered November 18, 2011, which denied his motion for leave to renew and reargue his prior motion, inter alia, to vacate the order entered March 10, 2010, and to restore the matter to the trial calendar.
Ordered that the order entered July 15, 2011, is reversed, on *694 the law, without costs or disbursements, the plaintiffs motion is granted, the order entered March 10, 2010, and the judgment entered November 17, 2010, are vacated, and the matter is restored to the trial calendar; and it is further,
Ordered that the appeal from the order entered November 18, 2011, is dismissed, without costs or disbursements.
The appeal from so much of the order entered November 18, 2011, as denied that branch of the plaintiffs motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Matter of Braver v Silberman, 90 AD3d 654, 656 [2011]). The appeal from so much of the order entered November 18, 2011, as denied that branch of the plaintiffs motion which was for leave to renew must be dismissed as academic in light of our determination on the appeal from the order entered July 15, 2011 (see DeGroof v Milhorat, 95 AD3d 818, 818 [2012]).
In an order entered March 10, 2010, the Supreme Court, sua sponte, dismissed this action pursuant to 22 NYCRR 202.27 (b) on the ground that the plaintiff failed to appear for a count-ordered compliance conference. However, the plaintiff demonstrated that he did not receive notice of the date of that compliance conference. As the plaintiff did not have notice of the compliance conference, the plaintiffs default was a nullity (see Pavlou v Associates Food Stores, Inc., 96 AD3d 919, 919-920 [2012]; Tragni v Tragni, 21 AD3d 1084, 1085 [2005]; Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376 [2005]). Consequently, vacatur of the default “was required as a matter of law and due process, and no showing of a potentially meritorious cause of action was required” (Pavlou v Associates Food Stores, Inc., 96 AD3d at 920; see Bonik v Tarrabocchia, 78 AD3d 630, 632 [2010]; Pelaez v Westchester Med. Ctr., 15 AD3d at 376; see also M.S. Hi-Tech, Inc. v Thompson, 23 AD3d 442, 443 [2005]). Under these circumstances, the Supreme Court should have granted the plaintiffs motion to vacate the order entered March 10, 2010 and, in effect, the judgment entered November 17, 2010, which, upon the order entered March 10, 2010, dismissed the action, and to restore the matter to the trial calendar (see Pavlou v Associates Food Stores, Inc., 96 AD3d at 920).
The remaining contentions of the defendants Obiora Anyoko and St. John’s Episcopal Hospital-South Shore do not warrant a contrary conclusion. Mastro, J.P., Balkin, Hall and Austin, JJ., concur.