■ In the Matter of 542 A REALTY, LLC, Appellant. [989 NYS2d 72]—

In a proceeding pursuant to RPAPL article 14 to foreclose a mortgage by power of sale, the petitioner appeals from an order of the Supreme Court, Queens County (Butler, J.), entered November 19, 2012, which denied its unopposed motion, in ef-

fect, to vacate the dismissal of the proceeding pursuant to Uniform Rules for Trial Courts (22 NYCRR 202.27) and to restore the proceeding to the trial calendar.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petitioner's motion, in effect, to vacate the dismissal of the proceeding and to restore the proceeding to the trial calendar is granted.

This mortgage foreclosure proceeding was dismissed pursuant to Uniform Rules for Trial Courts (22 NYCRR 202.27) after none of the parties appeared at a calendar call in the Trial Scheduling Part of the Supreme Court, Queens County. The petitioner demonstrated that it did not have notice of the trial calendar call of the proceeding through the uncontroverted affirmation of its attorney, which stated that counsel did not receive any notice for a court appearance (*see Pavlou v Associates Food Stores, Inc.*, 96 AD3d 919, 919-920 [2012]; *Bonik v Tarrabocchia*, 78 AD3d 630, 632 [2010]; *M.S. Hi-Tech, Inc. v Thompson*, 23 AD3d 442, 443 [2005]). Without notice of the court appearance, the petitioner's default was a nullity (*see Rosas v Stieg*, 108 AD3d 693, 694 [2013]; *Pavlou v Associates Food Stores, Inc.*, 96 AD3d at 919-920; *Tragni v Tragni*, 21 AD3d 1084, 1085 [2005]). Consequently, vacatur of the default was required as a matter of law and due process, and no showing of a potentially meritorious action was required (*see Pavlou v Associates Food Stores, Inc.*, 96 AD3d at 920; *Bonik v Tarrabocchia*, 78 AD3d at 632; *Pelaez v Westchester Med. Ctr.*, 15 AD3d 375, 376 [2005]). Under these circumstances, the petitioner's motion, in effect, to vacate the dismissal of the proceeding and to restore the proceeding to the trial calendar should have been granted. Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.