■ FOLEY INCORPORATED, Respondent, v METROPOLIS SUPERSTRUCTURES, INC., Appellant. [11 NYS3d 873]—

In an action, inter alia, to recover on an account stated, the defendant appeals from a judgment of the Supreme Court, Queens County (Grays, J.), dated September 21, 2012, which, upon an order of the same court dated September 6, 2011, denying the defendant's motion pursuant to CPLR 5015 to vacate an order of the same court dated January 21, 2010, striking the answer based on its failure to appear at a compliance conference, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $82,097.71.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion to vacate the order dated January 21, 2010, is granted, the order dated September 6, 2011, is modified accordingly, and the answer is reinstated.

As a general rule, a defendant who seeks to vacate a default in appearing at a compliance conference is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; 22 NYCRR 202.27 [a]; *Tragni v Tragni*, 21 AD3d 1084 [2005]; *Bloom v Primus Automotive Fin. Servs.*, 292 AD2d 410 [2002]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 192 [2001]). Here, contrary to the Supreme Court's determination, the defendant demon-

strated a reasonable excuse for its failure to appear at the originally scheduled compliance conference on December 19, 2009, which occurred when a stay of the action was in effect (*see Acosta v Riverdale Dev., LLC*, 72 AD3d 525 [2010]). The defendant also demonstrated that it never received actual notice of the adjourned compliance conference, which took place on January 19, 2010 (*see D & W Constr. v Israel*, 54 AD3d 889 [2008]; *Birky v Katsilogiannis*, 37 AD3d 631 [2007]; *Tragni v Tragni*, 21 AD3d at 1086). In the absence of actual notice of the January 19, 2010, conference date, the defendant's failure to appear at that conference "could not qualify as a failure to perform a legal duty, the very definition of a default" (*Pelaez v Westchester Med. Ctr.*, 15 AD3d 375, 376 [2005]; *see Matter of 542 A Realty, LLC*, 118 AD3d 993 [2014]; *Bonik v Tarrabocchia*, 78 AD3d 630 [2010]). Consequently, vacatur of the default was required as a matter of law and due process, and no showing of a potentially meritorious defense was required (*see Matter of 542 A Realty, LLC*, 118 AD3d 993 [2014]; *Pavlou v Associates Food Stores, Inc.*, 96 AD3d 919 [2012]; *Tragni v Tragni*, 21 AD3d at 1086). Accordingly, the court should have granted the defendant's motion to vacate the order dated January 21, 2010, striking its answer.

In light of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.