Notaro v Performance Team (2018 NY Slip Op 03692)





Notaro v Performance Team


2018 NY Slip Op 03692


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-09889
2016-10887
 (Index No. 9932/10)

[*1]Philip Notaro, Jr., respondent, 
v
Performance Team, et al., defendants, John Arcell, appellant.


Edward F. Westfield, P.C., Riverdale, NY, for appellant.
Michael A. Kofsky, PLLC, West Islip, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant John Arcell appeals from two orders of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated May 13, 2016, and October 13, 2016, respectively. The order dated May 13, 2016, denied that defendant's motion (a) to vacate an order of the same court (Orin R. Kitzes, J.), dated June 24, 2014, in effect, pursuant to 22 NYCRR 202.27 striking his answer based upon his default in appearing for scheduled conferences before the court and ordering an inquest on damages, (b) for leave to serve and file an amended answer, and (c) for summary judgment dismissing the complaint insofar as asserted against him. The order dated October 13, 2016, inter alia, granted the plaintiff's motion to preclude that defendant's expert from testifying at the inquest on damages.
ORDERED that the order dated May 13, 2016, is reversed, on the law, on the facts, and in the exercise of discretion, the motion of the defendant John Arcell to vacate the order dated June 24, 2014, for leave to serve and file an amended answer, and for summary judgment dismissing the complaint insofar as asserted against him is granted, the order dated June 24, 2014, is vacated, and the amended answer in the form attached to the papers in support of that defendant's motion is deemed served; and it is further,
ORDERED that the appeal from the order dated October 13, 2016, is dismissed as academic; and it is further,
ORDERED that one bill of costs is awarded to the defendant John Arcell.
In April 2010, the plaintiff commenced this action against, among others, the defendant John Arcell. Arcell interposed a pro se answer on or about May 2010. Upon Arcell's default in appearing at any of the conferences scheduled before the Supreme Court, the court issued an order, dated June 24, 2014, in effect, pursuant to 22 NYCRR 202.27 striking Arcell's answer and ordering an inquest on damages. Arcell moved to vacate that order, for leave to serve and file an amended answer, and for summary judgment dismissing the complaint insofar as asserted against him. In an order dated May 13, 2016, the court denied his motion.
The plaintiff thereafter moved pursuant to CPLR 3101(d)(1)(i), inter alia, to preclude Arcell's expert from testifying at the inquest on damages. In an order dated October 13, 2016, the Supreme Court, among other things, granted the plaintiff's motion. Arcell appeals from the orders dated May 13, 2016, and October 13, 2016.
Generally, to vacate an order striking a defendant's answer based upon his or her default in appearing for a scheduled conference before the court, the defendant is required to demonstrate both a reasonable excuse for his or her failure to appear and a potentially meritorious defense (see Wright v City of Poughkeepsie, 136 AD3d 809, 809; Mazzio v Jennings, 128 AD3d 1032, 1032; Hanscom v Goldman, 109 AD3d 964, 965; Gazetten Contr., Inc. v HCO, Inc., 45 AD3d 530, 530). However, "[i]n the absence of actual notice of [a] conference date, [a] defendant's failure to appear at that conference [cannot] qualify as a failure to perform a legal duty, the very definition of a default'" (Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 681, quoting Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376). In that situation, the defendant's default is considered a nullity and vactur of the default "is required as a matter of law and due process, and no showing of a potentially meritorious defense is required" (Bonik v Tarrabocchia, 78 AD3d 630, 632; see Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d at 681; Rosas v Stieg, 108 AD3d 693, 694; Vasquez v New York City Health & Hosps. Corp., 100 AD3d 868; Pavlou v Associates Food Stores, Inc., 96 AD3d 919, 919-920; Bonik v Tarrabocchia, 78 AD3d at 632; Tragni v Tragni, 21 AD3d 1084, 1085-1086; Pelaez v Westchester Med. Ctr., 15 AD3d at 376).
Here, in support of that branch of his motion which was to vacate his default, Arcell submitted his own affidavit, wherein he stated that he did not appear at any of the court conferences because he "did not receive notice of the conferences." In opposition, the plaintiff did not allege or offer evidence that Arcell received notice of the conferences. Therefore, vacatur of his default was required as a matter of law and due process, and no showing of a potentially meritorious defense was required.
Although the Supreme Court, in effect, denied the remaining branches of Arcell's motion as academic, we will determine those branches of his motion in the interest of judicial economy (see Nisimova v Starbucks Corp., 108 AD3d 513, 514; Ewers v Columbia Hgts. Realty, LLC, 44 AD3d 608, 609). "Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (Matter of Rhoda v Avery, 155 AD3d 737, 738). Here, since Arcell's amended answer was not palpably insufficient, did not prejudice or surprise the plaintiff, and was not patently devoid of merit, the court should have granted that branch of Arcell's motion which was for leave to serve and file his amended answer. Furthermore, the court should have granted that branch of Arcell's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Arcell established his prima facie entitlement to judgment as a matter of law by presenting evidence that the plaintiff's causes of action against him in this action arose from the same operative facts as the causes of action that the plaintiff raised in an action he commenced in New Jersey, which was decided on the merits. All of the causes of action asserted against Arcell in this action could have been raised in the New Jersey action (see generally Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 122; Matter of Josey v Goord, 9 NY3d 386, 389-390). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of the foregoing, the appeal from the order dated October 13, 2016, must be dismissed as academic.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court