Sposito v Cutting (2018 NY Slip Op 06782)





Sposito v Cutting


2018 NY Slip Op 06782


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-13515
 (Index No. 61393/13)

[*1]Anthony Sposito, respondent, 
v
Lionel D. Cutting, appellant, et al., defendants.


Gartner + Bloom P.C., New York, NY (Vera Tsai of counsel), for appellant.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Lionel D. Cutting appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated October 31, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a)(1) to, in effect, vacate his default in appearing for two scheduled conferences before the court, and thereupon, to vacate a notice of inquest and the note of issue and certificate of readiness.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the motion of the defendant Lionel D. Cutting to vacate his default in appearing for two scheduled court conferences, and thereupon, to vacate the notice of inquest and the note of issue and certificate of readiness is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
On August 25, 2012, the plaintiff allegedly was injured when, while performing electrical work upon premises located in Elmont, he fell through unsecured wood planks. In June 2013, he commenced this action against the defendant Lionel D. Cutting (hereinafter the defendant), the owner of the subject property, and thereafter served two amended complaints adding other parties as defendants. The defendant, who was approximately 82 years old at the time the action was commenced, never resided at the subject property, suffered a stroke sometime later in 2013, and thereafter moved in with his son. Issue was joined as to the defendant in February 2014.
In January 2015, the defendant's insurance carrier commenced a declaratory judgment action in the United States District Court for the Eastern District of New York seeking a declaration that it had no duty to defend or indemnify the defendant in this action due to certain exclusions in its liability policy (see American Safety Casualty Ins. Co. v Cuttings, No. 15-cv-0108 [SJF] [AYS]). In an opinion and order dated August 5, 2016, the District Court denied the insurer's motion for summary judgment without prejudice to renewal. The court determined, inter alia, that the insurer had no duty to defend the defendant in this action, and that any duty to indemnify was contingent upon the plaintiff prevailing against the defendant. In the absence of coverage counsel, the defendant, with the assistance of his grandson, retained private counsel to represent him in this action. However, in an order dated October 25, 2016, the Supreme Court granted counsel's motion for leave to withdraw as the defendant's attorney.
The defendant remained unrepresented in this action until his prior coverage counsel resumed its representation of him in March 2017. Prior to that time, the defendant failed to appear for a compliance conference on November 29, 2016, and failed to appear on the adjourned date of January 24, 2017. As a result, the Supreme Court, in effect, pursuant to 22 NYCRR 202.27(a), scheduled an inquest for March 22, 2017. On January 27, 2017, the plaintiff, by certified mail, served a notice of inquest upon the defendant at the subject property and also filed a note of issue and certificate of readiness. In March 2017, the defendant moved by order to show cause pursuant to CPLR 5015(a) to, in effect, vacate his default in appearing at the November 29, 2016, and January 24, 2017, conferences, and thereupon, to vacate the notice of inquest and the note of issue and certificate of readiness. The Supreme Court denied the motion. The defendant appeals.
"As a general rule, a defendant who seeks to vacate a default in appearing at a compliance conference is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense" (Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 680; see Polsky v Simon, 145 AD3d 693). Here, the defendant demonstrated a reasonable excuse for his failure to appear at the compliance conference on November 29, 2016, including the fact that he had been hospitalized from mid-September to late October 2016 for injuries sustained in a fall. In addition, notice of the conference was sent to the subject property and, although the defendant's grandson resided there, it was never the defendant's residence and the defenedant denied any knowledge of the November 29, 2016, conference. The defendant also demonstrated that he did not receive notice of the adjourned conference date of January 24, 2017, and the record is devoid of any evidence demonstrating that such notice was, in fact, given to him. Under such circumstances, the defendant's nonappearance for the conference on January 24, 2017, could not constitute a default, as there was no failure to perform a legal duty (see Notaro v Performance Team, 161 AD3d 1093; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d at 681). "This is analogous to the situation of a defendant who has not been served with process and suffers a default judgment. In both situations, the default' is a nullity along with the remedy the court renders in response" (Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376). As the defendant's default in appearing at the conference on January 24, 2017, is considered a nullity, vacatur of that default " is required as a matter of law and due process, and no showing of a potentially meritorious defense is required'" (Notaro v Performance Team, 161 AD3d at 1095, quoting Bonik v Tarrabocchia, 78 AD3d 630, 632; see Matter of 542 A Realty, LLC, 118 AD3d 993, 994; Pavlou v Associates Food Stores, Inc., 96 AD3d 919). Therefore, the Supreme Court should have vacated the default and the notice of inquest as a matter of law and due process, and no showing of a potentially meritorious defense was required.
In addition, the Supreme Court should have granted that branch of the defendant's motion which was to vacate the note of issue and certificate of readiness. Since the defendant moved for such relief more than 20 days after service of the note of issue and certificate of readiness, he had to show good cause for vacatur (see 22 NYCRR 202.21[e]). "To satisfy the requirement of good cause,' the party seeking vacatur must demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness requiring additional pretrial proceedings to prevent substantial prejudice'" (Ferraro v North Babylon Union Free School Dist., 69 AD3d 559, 561, quoting White v Mazella-White, 60 AD3d 1047, 1049 [internal quotation marks omitted]). Here, for the reasons set forth above, particularly that the defendant's failure to appear at the conference on January 24, 2017, did not constitute a default and warranted vacatur of the default and the notice of inquest as a matter of law and due process, the defendant established good cause for vacating the note of issue and certificate of readiness.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 5015(a)(1) to, in effect, vacate his default in appearing for two scheduled court conferences
and, thereupon, vacating the notice of inquest and the note of issue and certificate of readiness.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court