Freed v Best (2019 NY Slip Op 06750)





Freed v Best


2019 NY Slip Op 06750


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-01864
 (Index No. 1247/14)

[*1]Todd E. Freed, et al., respondents, 
v
Barbara Best, appellant, Zarko Svatovic, defendant.


Barbara Best, New York, NY, appellant pro se.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca and Lisa J. Ross of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, in effect, pursuant to RPAPL article 15 to compel the determination of claims to real property, and for injunctive relief, the defendant Barbara Best appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated January 19, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were, in effect, pursuant to CPLR 5015(a) to vacate so much of an order of the same court (Andrew G. Tarantino, Jr., J.) dated November 23, 2016, as (a) granted those branches of the plaintiffs' motion which were to hold the defendants in civil contempt pursuant to Judiciary Law § 753 and directed that each of them pay a fine in the sum of $1,000, and (b) granted that branch of the plaintiffs' motion which was for an award of attorney's fees and expenses incurred in making the motion.
ORDERED that the order dated January 19, 2017, is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Barbara Best which were, in effect, pursuant to CPLR 5015(a) to vacate so much of the order dated November 23, 2016, as (a) granted that branch of the plaintiffs' motion which was to hold the defendant Barbara Best in civil contempt pursuant to Judiciary Law § 753 and directed that she pay a fine in the sum of $1,000, and (b) granted that branch of the plaintiffs' motion which was for an award of attorney's fees and expenses incurred in making the motion, and substituting therefor a provision granting those branches of the motion of the defendant Barbara Best; as so modified, the order dated January 19, 2017, is affirmed insofar as appealed from, with costs to the defendant Barbara Best.
The plaintiffs own real property located on the south side of New Suffolk Avenue in
Cutchogue, which borders the Peconic Bay. The defendants own property located on the north side of New Suffolk Avenue. The defendants claim to have a deeded easement over a 33-foot-wide portion of land bordering the plaintiffs' property (hereinafter the disputed parcel) granting them access from New Suffolk Avenue to the Peconic Bay. In January 2014, the plaintiffs commenced this action, alleging that they owned the disputed parcel, and seeking, among other things, to permanently enjoin the defendants from interfering with the plaintiffs' property rights and a judgment declaring that the defendants have no interest or rights in the disputed parcel. Thereafter, in an order dated June 5, 2014, the Supreme Court issued a temporary restraining order, inter alia, permitting the defendants to traverse on foot from New Suffolk Avenue to the Peconic Bay on a 10-foot-wide path along the easternmost portion of the disputed parcel and prohibiting them from entering upon any other portion of the property.
In October 2016, the plaintiffs moved, among other things, to hold the defendants in [*2]civil contempt pursuant to Judiciary Law § 753 for their violation of the June 5, 2014, temporary restraining order. The original return date of the motion was November 22, 2016. The defendants sought from the Supreme Court an adjournment of the return date to a date in December 2016, and the defendant Barbara Best maintains that the adjournment was granted. Documentation in the record indicates that the plaintiffs' motion was adjourned to December 13, 2016. Nevertheless, on November 23, 2016, the court issued an order, holding the defendants in contempt, and noting that the plaintiffs' motion was unopposed. The court also, inter alia, directed the defendants to each pay a fine in the sum of $1,000, and granted that branch of the plaintiffs' motion which was for an award of attorney's fees and expenses incurred in making the motion. Best, acting pro se, moved, inter alia, to vacate the order dated November 23, 2016, on the basis that the defendants had been granted an adjournment to submit opposition papers to the plaintiffs' contempt motion. In the order appealed from, the court denied Best's motion.
The defendants did not default by failing to submit opposition papers to the plaintiffs' contempt motion since the motion had been adjourned and the Supreme Court should not have accelerated the return date without notice to the defendants (see Notaro v Performance Team, 161 AD3d 1093, 1095; Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 681; Vera v Soohoo, 99 AD3d 990, 993; Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376). Accordingly, upon Best's motion, vacatur of so much of the order dated November 23, 2016, as granted that branch of the plaintiffs' motion which was to hold her in civil contempt and directed that she pay a fine in the sum of $1,000, and granted that branch of the plaintiffs' motion which was for an award of attorney's fees and expenses incurred in making the motion, was "required as a matter of law and due process" (Pelaez v Westchester Med. Ctr., 15 AD3d at 376; see Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d at 681). Thus, those branches of Best's motion which sought such relief should have been granted.
Best's remaining contentions are either without merit or not properly before this Court.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court