U.S. Bank Natl. Assn. v Dickenson (2019 NY Slip Op 07309)





U.S. Bank Natl. Assn. v Dickenson


2019 NY Slip Op 07309


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-01722
 (Index No. 3263/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Paulette Dickenson, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Shane Wax of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Cameron E. Grant, Chava Brandriss, and Allison J. Schoenthal of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Paulette Dickenson appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 15, 2016. The order, insofar as appealed from, granted the plaintiff's motion to vacate an order of the same court dated October 23, 2014, sua sponte, directing dismissal of the complaint, and to restore the action to the active calendar.
ORDERED that the order dated December 15, 2016, is affirmed insofar as appealed from, with costs.
In March 2014, the plaintiff commenced this action against the defendant Paulette Dickenson (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to appear or answer the complaint. A status conference was held on October 23, 2014, at which the plaintiff allegedly appeared. Following this conference, and allegedly unbeknownst to the plaintiff, the Supreme Court issued an order bearing the same date, sua sponte, directing dismissal of the complaint, in effect, pursuant to 22 NYCRR 202.27, based upon the parties' failure to appear for the scheduled status conference, with leave to restore upon notice of motion for good cause shown (hereinafter the dismissal order). Thereafter, the plaintiff moved to vacate the dismissal order in the interest of justice and to restore the action to the active calendar. In an order dated December 15, 2016, the court, inter alia, granted the plaintiff's motion, and the defendant appeals.
We agree with the Supreme Court's determination granting the plaintiff's motion to vacate the order of dismissal and to restore the action to the active calendar. The plaintiff demonstrated that it did in fact appear at the October 23, 2014, status conference, and therefore, it was not in default. Under these circumstances, the plaintiff was not required to offer an excuse for the purported default or to show a potentially meritorious cause of action (see Matter of 542 A Realty, LLC, 118 AD3d 993, 994; Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376; cf. Tragni v Tragni, 21 AD3d 1084, 1085-1086).
The defendant's remaining contention is improperly raised for the first time on appeal.
The plaintiff's request for certain affirmative relief is not properly before this Court, since the plaintiff did not cross-appeal from the order appealed from (see Hecht v City of New York, 60 NY2d 57, 61-62; Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc., 108 AD3d 634, 638).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court