Citimortgage, Inc. v Espinal (2020 NY Slip Op 06095)





Citimortgage, Inc. v Espinal


2020 NY Slip Op 06095


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2019-07528
 (Index No. 16840/10)

[*1]Citimortgage, Inc., etc., respondent, 
v
Betty M. Espinal, appellant, et al, defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and S. Sherry Xia of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Betty M. Espinal appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated March 19, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated May 3, 2017, granting the plaintiff's motion to vacate an order of the same court dated July 28, 2016 (Peter P. Sweeney, J.), directing dismissal of the action, and to restore the action to the active calendar, inter alia, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In July 2010, the plaintiff commenced this mortgage foreclosure action against the defendant Betty M. Espinal (hereinafter the defendant) and others. The Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated July 28, 2016 (hereinafter the dismissal order), the court directed dismissal of the action without prejudice, upon the plaintiff's failure to appear at a status conference that day.
Thereafter, the plaintiff moved to vacate the dismissal order and to restore the action to the active calendar. In an order dated May 3, 2017, the Supreme Court granted the plaintiff's motion. The court subsequently issued an order and judgment of foreclosure and sale in favor of the plaintiff. The defendant appeals.
Generally, "[a] plaintiff seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action" (Wells Fargo Bank, N.A. v McClintock, 174 AD3d 950, 952; see CPLR 5015[a][1]; Sposito v Cutting, 165 AD3d 863, 864). Here, the plaintiff demonstrated, through the affirmation of its attorney, that it did not have notice of the July 28, 2016 status conference (see Notaro v Performance Team, 161 AD3d 1093, 1095; Matter of 542 A Realty, LLC, 118 AD3d 993, 994). In opposition, the defendant did not allege or offer evidence that the plaintiff received notice of the conference (see Notaro v Performance Team, 161 AD3d at 1095). In the absence of notice, the [*2]plaintiff's failure to appear at the conference "'could not qualify as a failure to perform a legal duty, the very definition of a default'" (Foley Inc. v Metropolis Superstructures, Inc., 130 AD3d 680, 681, quoting Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376). Consequently, vacatur of the default was required as a matter of law, and no showing of a potentially meritorious cause of action was required (see Notaro v Performance Team, 161 AD3d at 1095).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion to vacate the dismissal order and to restore the action to the active calendar.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court