HSBC Bank USA, N.A. v Haylett (2021 NY Slip Op 00300)





HSBC Bank USA, N.A. v Haylett


2021 NY Slip Op 00300


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-00538
2019-01337
 (Index No. 15573/06)

[*1]HSBC Bank USA, N.A., etc., appellant, 
v
Elly C. Haylett, respondent, et al., defendants.


RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, Steven Amshen, and Christopher Villanti of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated April 24, 2014, and (2) an order of the same court dated December 5, 2018. The order dated April 24, 2014, granted the cross motion of the defendant Elly C. Haylett to cancel and discharge of record the mortgage. The order dated December 5, 2018, denied the plaintiff's motion to vacate the order dated April 24, 2014.
ORDERED that the appeal from the order dated April 24, 2014, is dismissed, as no appeal lies from a default order (see CPLR 5511); and it is further,
ORDERED that the order dated December 5, 2018, is reversed, on the law, and the plaintiff's motion to vacate the order dated April 24, 2014, is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendant Elly C. Haylett (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Brooklyn. The defendant defaulted in answering and appearing, and the plaintiff obtained an order of reference upon that default. In response to a motion by the plaintiff to vacate the order of reference, the defendant, proceeding pro se, cross-moved to cancel and discharge of record the mortgage. In an order dated April 24, 2014, the Supreme Court granted the defendant's cross motion. The order indicated that no opposition had been submitted, and that the cross motion was granted on default.
The plaintiff thereafter moved to vacate the order dated April 24, 2014. In support of its motion to vacate, the plaintiff proffered copies of an affirmation in opposition and an affidavit of mailing, demonstrating that it had timely filed and served opposition to the defendant's cross motion. In an order dated December 5, 2018, the Supreme Court denied the plaintiff's motion to vacate. The plaintiff appeals.
We disagree with the Supreme Court's determination to deny the motion to vacate. [*2]The plaintiff demonstrated that it did not default, but, in fact, opposed the defendant's cross motion to cancel and discharge the mortgage. Under these circumstances, the order dated April 24, 2014, should have been vacated without regard to whether the plaintiff proffered an excuse for the purported default or demonstrated a potentially meritorious opposition to the cross motion (see U.S. Bank N.A. v Dickenson, 176 AD3d 891; see also Tragni v Tragni, 21 AD3d 1084).
The parties' remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court