SRP 2012-4, LLC v Shamin (2025 NY Slip Op 01002)

SRP 2012-4, LLC v Shamin

2025 NY Slip Op 01002

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-12075
 (Index No. 704380/18)

[*1]SRP 2012-4, LLC, respondent, 
v
Haseena Shamin, et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Richland & Falkowski, PLLC, Washingtonville, NY (Daniel H. Richland and Michael Falkowski of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Haseena Shamin and Hillside Hai & Bhai Properties, LLC, appeal from an order of the Supreme Court, Queens County (Michele Titus, J.), entered September 20, 2023. The order denied those defendants' motion to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Janice A. Taylor, J.) entered May 17, 2022, and so much of an order of the same court (Janice A. Taylor, J.) entered April 28, 2022, as granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale.
ORDERED that the order entered September 20, 2023, is reversed, on the law, with costs, the motion of the defendants Haseena Shamin and Hillside Hai & Bhai Properties, LLC, to vacate the order and judgment of foreclosure and sale and so much of the order entered April 28, 2022, as granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale is granted, and the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
In March 2018, the plaintiff commenced this action against the defendants Haseena Shamin and Hillside Hai & Bhai Properties, LLC (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Hollis. Following joinder of issue, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and to strike their answer, and appointed a referee to compute the amount due to the plaintiff. The plaintiff subsequently moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and the plaintiff replied to the defendants' opposition. By order entered April 28, 2022, the court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. The order did not list the defendants' opposition to the motion or the plaintiff's reply to the defendants' opposition as papers considered by the court (see CPLR 2219[a]). Thereafter, in an order and judgment of foreclosure and sale entered May 17, 2022, the court, upon the order entered April 28, 2022, among other things, directed the sale of the property.
The defendants thereafter moved, inter alia, to vacate the order and judgment of foreclosure and sale and so much of the order entered April 28, 2022, as granted those branches of [*2]the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. In an order entered September 20, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was to vacate the order and judgment of foreclosure and sale and so much of the order entered April 28, 2022, as granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. The defendants demonstrated that they, in fact, opposed the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The order entered April 28, 2022, did not list the defendants' opposition to the plaintiff's motion or the plaintiff's reply to the defendants' opposition as papers considered by the court when determining the motion (see id.; Charalabidis v Elnagar, 188 AD3d 44, 48). Under these circumstances, the order and judgment of foreclosure and sale and so much of the order entered April 28, 2022, as granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale should have been vacated "without regard to whether the [defendants] proffered an excuse for the purported default or demonstrated a potentially meritorious opposition to the . . . motion" (HSBC Bank USA, N.A. v Haylett, 190 AD3d 839, 840; see U.S. Bank N.A. v Dickenson, 176 AD3d 891, 891).
In light of the foregoing, the parties' remaining contentions need not be reached.
Accordingly, we reverse the denial of the defendants' motion to vacate the order and judgment of foreclosure and sale and so much of the order entered April 28, 2022, as granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and remit the matter to the Supreme Court, Queens County, for a new determination of those branches of the plaintiff's motion which were to confirm the referees's report and for a judgment of foreclosure and sale.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court